**STATE of Missouri, Respondent,**

v.

**Calvin LEE, Appellant.**

**No. 57013.**

Supreme Court of Missouri,
Court en Banc.

March 12, 1973.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

James R. Wyrsch, Koenigsdorf, Kaplan, Kraft & Fox, Kansas City, for appellant.

BARDGETT, Judge.

Calvin Lee was convicted of robbery in the first degree, a felony, by a jury. The jury was unable to agree on punishment and the court sentenced Lee to twelve years in the custody of the Department of Corrections. Defendant's motion for new trial was overruled and Lee appeals. The notice of appeal was filed in this court prior to January 1, 1972, and therefore this court has jurisdiction under Art. V, § 3, Const. of Mo.1945, V.A.M.S.

The information charged Lee with first-degree robbery of William Walden on October 8, 1970, in Kansas City, Missouri. The information was filed December 2, 1970, and the trial began April 26, 1971.

Immediately prior to trial and in the court's chambers, the prosecutor advised the court that, "I know I am not required to do this, but just so it won't be a surprise I have informed the defense counsel, I am going to ask leave to endorse the custodial records of the Standard Oil Co. by Mr. Schmitt." Defendant's attorney objected to the endorsement of Mr. Schmitt stating he had just been informed of such a proposal at 12:30 or 1:00 p. m. that same date. Defendant, alternatively to his objection to the endorsement of the witness, moved for a continuance in order to take the witness's deposition.

The prosecutor represented to the court that the purpose of the proposed endorsement was "to bring in some records of the Standard Oil Company" and reiterated that he was not required to "endorse people who are to identify records" and that Mr. Schmitt had no knowledge of this affair. The objection to the proposed endorsement and the motion for a continuance were overruled and the cause immediately proceeded to trial.

The robbery victim, William R. Walden, was the single eyewitness. He testified that on October 8, 1970, he was at work on the REA Express Company premises at 8th and Wyoming, Kansas City, Mo. He was on the truck parking area which was illuminated by floodlights. At about 12:15 a. m., a car occupied by four Negroes stopped on the lot. Three of the men got out and walked toward the loading dock near where Walden was standing and looked around. Two of the men then walked up to Walden and each pointed a handgun at Walden. Walden identified defendant as one of the men who held a gun on him and who said, "All we want is your money". Walden gave them his billfold containing about $5 in cash and several credit cards, including a Standard Oil Co. credit card. The length of time Walden observed the robber he identified as defendant Lee was "Just a few seconds, less than a minute." The robbers then left.

The police were called and Walden described the men as being about 5'9" tall, approximately 150 pounds, Negro males in their late teens or early twenties, and he thought the car they were in was a 1968 or 1969 Ford. Walden went to the Kansas City Police Department where he looked at numerous photos but was unable to identify anyone. He notified the credit card companies of the theft later that same morning.

At the end of October 1970, Mr. Walden received his bills from Standard Oil for credit card purchases. Among the credit card purchase receipts was a receipt for a $4 charge for dismounting two tires at Inter-City Standard Station, 500 North 5th Street, Kansas City, Mo., dated October 14, 1970, on which Missouri automobile license No. KC 8167 was written. It bore a signature purporting to be that of W. R. Walden. Mr. Walden testified he did not make this purchase because his Standard Oil credit card had been taken in the robbery of October 8, 1970, and had no knowledge as to who used the stolen card.

Mr. Walden took this receipt to the Kansas City Police Dept. Detective John Wilson, by checking license registration records, determined that license No. KC 8167 was issued to Calvin Lee. Detective Wilson testified that sometime later he took a photograph of Calvin Lee from the files and put it with three other photos of Negro males and showed the four photos to Mr. Walden. Mr. Walden identified the photo of defendant as the man who robbed him. An arrest order was then put out and on November 20, 1970, defendant Lee was arrested while driving a Cadillac bearing license No. KC 8167. The defendant was brought to the Kansas City Police Dept. and placed in a lineup that same day along with three other Negro males. De-

fendant was 33 years old. The other three in the lineup were ages 33, 22, and 17. Defendant is 5′8″ tall and the other three men were 5′9″, 5′8″, and 5′6″ tall. Defendant weighed 145 pounds; the other three weighed 160, 160, and 155 pounds. Mr. Walden identified defendant in the lineup as one of the men who robbed him.

Mr. Schmitt testified that he was employed by Standard Oil Co. as a credit card fraud investigator. He identified state's exhibit 4 as a record or receipt for a credit card purchase which purchase was made by the use of a Standard Oil Co. credit card issued to William R. Walden. The receipt reflected a purchase made on October 14, 1970, at the Inter-City Standard Station in Kansas City, Mo. It came into Mr. Schmitt's possession because he is the credit card fraud investigator for Standard Oil Co. The receipt is a record kept in the normal course of business by Standard Oil Co. At the time a credit card purchase is made, the station attendant has the purchaser sign the receipt in the lower right-hand corner and the attendant lists the amount of the purchase. In this instance the receipt reflected the dismounting of two tires for $4. The receipt also listed Missouri automobile license No. KC 8167. Other receipts Mr. Schmitt brought into court did not have any license numbers written on them. State's exhibit 4 bore a purchaser's signature purporting to be either a W. C. or W. R. Walden. Mr. Schmitt did not know who wrote the purported signature of Walden.

Mr. Walden was recalled and testified that the signature appearing on state's exhibit 4 was not written by him and that he did not authorize anyone else to make the purchase reflected thereon.

There was no direct evidence that defendant was the person who signed Walden's name to the credit purchase receipt nor was there evidence as to who wrote the license number on it.

Defendant repeatedly objected to the evidence concerning the credit card purchase of October 14, 1970, on the basis that such evidence did not establish that defendant was the person in possession of the stolen card on October 14, 1970, and moved to strike the same. The objections and motion to strike were overruled.

█ Defendant's first point is that the court erred in admitting into evidence state's exhibit 4 and testimony concerning the credit card purchase of October 14, 1970, on the grounds that such evidence was insufficient to show that defendant was in possession of the stolen card; that such evidence constituted a showing of a separate and independent crime (fraudulent use of a credit card); and that such evidence permitted the jury to indulge in a speculative inference that defendant was the person in possession of the stolen card.

█ Evidence of separate crimes is not admissible unless such evidence has a legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. State v. Reese, Mo., 274 S.W. 2d 304.

█ Possession by a defendant of recently stolen property is admissible in evidence as a fact which the jury may consider in determining whether or not the defendant was the person who committed the robbery or burglary with which he is charged. State v. Cobb, Mo.Banc, 444 S. W.2d 408; State v. Sallee, Mo., 436 S.W. 2d 246; and when this possession is established, it gives rise to a permissible inference of guilt of the robbery or burglary he is charged with committing. State v. Cobb, supra; State v. Fields, Mo., 442 S. W.2d 30, 35; State v. Kennedy, Mo., 396 S.W.2d 595, 598.

█ Possession of a stolen credit card may be proven by evidence that a defendant used the card. In State v. Sallee, *supra*, such possession was one factor which made a submissible case for the jury and

led to Sallee's conviction. The fact that the use of the card constituted a separate crime from the robbery does not render such evidence inadmissible. It is the "possession" of recently stolen property that permits the jury to infer that the person in possession stole such property. Unless the "possession" is established, the inference of guilt of the robbery is not permissible. In order to reach the basic point of beginning —possession of the Standard credit card by defendant on October 14, 1970, the date of the charge sale—the jury would have to infer from the existence of defendant's license plate number on the receipt that it was the defendant who used that card.

In the instant case the state sought to establish possession of the stolen credit card by circumstantial evidence. The circumstantial evidence relied on here was the presence of defendant's license number on the credit card receipt and nothing more. No cases or authorities are cited and none have been found to support a holding in a felony case that this singular fact would constitute sufficient circumstantial evidence to permit a jury to infer possession of the card in defendant and then to utilize the inference of possession as the foundation upon which to additionally infer that defendant is guilty of committing the robbery in which the card was stolen.

Old Fortress Inc. v. Myers, Mo.App., 453 S.W.2d 692, involved the question of whether certain circumstantial evidence was sufficient to support a finding that the managing officer of a tavern knew that gambling was taking place on the premises. In holding that the circumstantial evidence was not sufficient, the court said, loc. cit. 695: "Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist. . . . The circumstances, however, must point to the inference drawn with such a degree of certainty as to make it 'reasonable and probable and must rise above the stature of guesswork, speculation

or surmise'. Green v. Ralston Purina Company, Mo., 376 S.W.2d 119, 124 [1–4]."

People v. Hildebrandt, 308 N.Y. 397, 126 N.E.2d 377, 49 ALR2d 449, was an appeal from a speeding conviction. The question presented was: May it be inferred from the fact that a person is the owner of an automobile, that he is its driver at a particular time? At the trial there was no direct proof as to who was in fact operating the car but simply a showing that the automobile was registered and licensed in the name of the defendant as owner. The driver of the automobile was not identified by a policeman and no arrest was made at the time of the offense; the defendant received no notice until two weeks after the offense when he was charged with a speeding violation. The New York Court of Appeals noted that it was not deciding the validity of a statute or ordinance under which a presumption or inference exists that an owner of a vehicle is the driver thereof.

Likewise, the instant case does not involve the validity of any statute or ordinance under which an inference or presumption exists that the owner was the driver of the car bearing a license number issued to the owner.

In People v. Hildebrandt, *supra*, the court stated: "We think it is going much too far to infer the driver's identity from the fact of ownership. We all know that many a passenger car is customarily driven at various times by various persons. . . . From all of that it follows, we think, that it is hardly a normal or ready inference or deduction that an automobile . . . is being driven by its owner, and by no other person."

The trial court's view of the evidence concerning the credit card transaction was stated during the argument on the motion for new trial when the court said: "The only thing that the evidence tended to prove was that somebody, this defendant or somebody driving his car, used that credit card for tires. There was no evidence that

it was his signature or he was the one [who] signed it. It was signed W. R. Walden".

This court agrees with the trial court's appraisal of the questioned evidence. The difficulty is that the *only* basis for the admission into evidence of the credit card receipt would be to prove that the *defendant did sign* W. R. Walden's name on the receipt and thereby prove that *defendant was in possession* of the stolen card at that time.

In the instant case there is simply no evidence as to who used the stolen credit card except for the presence of a license number on the receipt. The evidence in a felony case that gives rise to the formidable inference that a particular person was the person in possession of stolen property and upon which the jury is authorized to find the defendant guilty of robbery must be substantially more than the mere appearance of a defendant's license number on a charge receipt.

■ The reasoning of People v. Hildebrandt, *supra,* and Old Fortress Inc. v. Myers, *supra,* is sound and applicable to this case. A finding that this defendant was the person in possession of the stolen credit card on October 14, 1970, under the evidence in this case, would constitute speculation and conjecture based upon suspicion alone. Cf. State v. Knight, Mo., 296 S.W. 367. Circumstantial evidence is not sufficient for conviction unless it has a tendency to exclude every reasonable hypothesis or supposition consistent with the defendant's innocence. State v. Bly, Mo., 289 S.W. 558, 559.

The court erred in overruling defendant's objection to and in failing to strike the state's exhibit 4 and the testimony pertaining to the credit card transaction of October 14, 1970. Four witnesses testified in the state's case. All of Mr. Schmitt's testimony concerned this transaction and substantial portions of the testimony of two other witnesses, a detective and a patrolman, pertained to this credit card purchase. The prosecutor utilized this evidence in his argument to the jury in connection with the identification of defendant as the person who committed the robbery. In these circumstances the defendant was prejudiced by the error and the case must be reversed and remanded for a new trial.

■ Defendant next contends the trial court erred in overruling his motion to suppress the in-court identification testimony of Mr. Walden on the ground that Walden had been subjected to an impermissibly suggestive pretrial identification procedure. The procedure referred to was showing Mr. Walden photos of four men, one of whom was defendant, after Mr. Walden had delivered the Standard Oil purchase receipt to the police. The defendant relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; and cases from other states.

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the United States Supreme Court dealt with the question of photographic identification in the light of *Wade, Gilbert,* and *Stovall.* The court held at 88 S.Ct., loc. cit. 971, that "each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Defendant suggests in his brief that this court withhold deciding the question of whether defendant's rights under the holdings in *Wade, Gilbert,* and *Stovall,* had been violated until Kirby v. Illinois, then pending in the United States Supreme Court, is decided. Kirby v. Illinois was decided on June 7, 1972, and is reported at 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d

411, and holds that the *Wade-Gilbert per se* exclusionary rule does not extend to identification testimony based upon a police station showup that took place *before* the defendant had been indicted or otherwise formally charged with a criminal offense. The United States Supreme Court reiterated its holding in *Wade* to the effect that it is always necessary to scrutinize any pretrial confrontation and that the due process clauses of the Fifth and Fourteenth Amendments forbid a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification.

The trial court conducted a hearing out of the presence of the jury on defendant's motion to suppress the identification testimony of the victim. The hearing concerned the subject of Mr. Walden's identification of defendant by selecting defendant's photo out of four photos shown to Walden by the police and the lineup identification by Walden of defendant.

The trial court overruled the motion to suppress. The record reflects that there were no suggestive procedures employed at either the photographic identification or the lineup identification and that Walden's identification of defendant was based on Walden's seeing defendant at the time of the robbery. During the trial Mr. Walden and the officers were further cross-examined by defendant regarding these two matters and, again, there was no evidence of suggestive procedures having been employed. The trial court was correct in overruling defendant's motion to suppress and in permitting the victim to identify defendant in court as the person who robbed him. The point is overruled.

■ The statement of the prosecutor at the very outset of the case to the effect that he did not have to endorse the Standard Oil Company's employee, Mr. Schmitt, in order to call him as a witness, because Mr. Schmitt was merely going to identify records, was incorrect. S.Ct. Rule 24.17, V.A.M.R., requires that such a witness be endorsed. Mr. Schmitt was not called for the mere purpose of identifying *public* records. Additional witnesses may be endorsed by *order* of the court and *after notice* to defendant or his attorney. S.Ct. Rule 24.17. In State v. Cobb, *supra*, 444 S.W.2d 408, when speaking about S.Ct. Rule 24.17, this court said: "This court seeks to discourage delay in endorsing the names of additional witnesses but recognizes that late endorsements can sometimes be permitted *if they can be made without prejudice to the defendant's rights.*" (Italics supplied.)

In view of the disposition being made of this case, the court need not determine whether the trial court erred in refusing to grant a continuance to the defendant after permitting the endorsement of the new witness.

However, had the prosecutor in the instant case made known the full import of the testimony of Mr. Schmitt to the trial court, the court would have known that the purpose of Mr. Schmitt's testimony would go well beyond the mere identification of records and directly to the heart of the case—the identification of defendant as the person who committed the robbery—and may have granted a reasonable continuance in order that defendant could take the deposition of the new witness or otherwise investigate the new matter. Had that been done prior to trial, it could have resulted in the state being able to produce sufficient evidence of possession of the Standard Oil card by defendant or the rejection of Mr. Schmitt's testimony by the court and thereby have avoided a retrial of this case.

Because of the error in the admission into evidence of state's exhibit 4 and the testimony concerning the credit card sale evidenced by state's exhibit 4, the cause is reversed and remanded for a new trial. Other points raised on this appeal need not be decided as they are not likely to occur on retrial.

PER CURIAM:

The foregoing opinion by BARDGETT, J., is adopted as the opinion of the Court en Banc.

SEILER, MORGAN, BARDGETT and HENLEY, JJ., concur.

FINCH, C. J., and DONNELLY and HOLMAN, JJ., dissent.