**STATE of Missouri, Plaintiff-Respondent,**

v.

**Earl DAVIS, Defendant-Appellant.**

**No. 35042.**

Missouri Court of Appeals,
St. Louis District.

March 5, 1974.

James C. Jones, Asst. Public Defender, Frederick R. Buckles, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant from a judgment of conviction entered by the Circuit Court of the City of St. Louis on a jury verdict that found him guilty of robbery in the first degree by means of a dangerous and deadly weapon. §§ 560.120 and 560.135, RSMo 1969, V.A.M.S. After conviction pursuant to § 556.280(1), RSMo 1969, V.A.M.S., the trial court sentenced defendant to serve ten years in the custody of the Department of Corrections.

Defendant's sole issue on this appeal is that the trial court committed error by overruling his motion to suppress the victim's in-court identification of him. His contention is that the only basis for the victim's in-court identification was a tainted and suggestive pre-trial confrontation at the scene of the crime, and that the victim did not have an independent source for the identification based on his memory of defendant committing the offense. We disagree and therefore affirm.

Since defendant does not question the sufficiency of the evidence, the statement of facts will be brief. On March 24, 1972, Robert Harden, and insurance collector, was robbed of approximately $138 while making his rounds. As he was unlocking the door to his automobile, defendant accosted him from the rear with a gun in his hand, telling him to lie face-down across the car seat, or he would blow his head off. While holding the gun to Harden's head, defendant took the money from Harden's billfold. Harden identified defendant at the scene approximately 20–25 minutes after the robbery, when police brought defendant back to the scene of the crime. Forty-five minutes later, at the police station, Mr. Harden identified defendant again, where defendant told him, "I will get your money back. My wife gets paid Friday." Mrs. Realma Baker, who had known defendant for at least five years from the neighborhood, witnessed the robbery and identified him at trial. She testified that she saw defendant pointing a gun at Mr. Harden in the car, and after she saw him run from the Harden automobile she telephoned the police. She also directed the police to defendant's home, and at no time after the incident and prior to positive identification of defendant by Harden did she communicate with him.

On the motion to suppress, Mr. Harden testified that when the police came, about five minutes after the robbery, he described the robber as a person about eighteen to twenty years old, wearing a black leather coat and a large brim hat; that twenty-five minutes after the robbery, three men were brought back separately by the police to the scene of the robbery for him to view. The third man, who wore white trousers and a white T-shirt, he identified as the robber. When the police brought defendant to the scene, an officer

said, " . . . 'This is Earl Davis; is this the man?'" Harden said that was the first time he had heard the name "Earl Davis." No name was given for the other two suspects. Because of the large crowd gathering at the scene, Mr. Harden said he was reluctant to state at the scene that defendant was the robber; therefore, he waited until he was at the police station. Mr. Harden identified defendant "[f]rom his appearance; his facial appearance." The evidence showed that Mr. Harden had two brief opportunities to view the robber (1) when the robber approached him from behind, and (2) when defendant ordered him to slide over into the car.

On the basis of the above testimony the court found that Harden had an opportunity to view the robber twice during the commission of the crime, and the two views constituted an independent source of identification. Also the trial court found that since Harden had never heard defendant's name before, the officer's mention of his name was of no significance.

▇ Defendant argues that the mere mention of " 'This is Earl Davis; is this the man?'" by the police constituted a suggestive confrontation, since no mention was made of the names of the other two suspects. He also objects to the lack of counsel at the confrontation. In other words, defendant contends that under the totality of the circumstances, the identification proceedings were so unnecessarily suggestive and conducive to an irreparable mistaken identification that he was denied due process. The only Missouri case cited by defendant is State v. Carey, 486 S.W.2d 443 (Mo.1973), which tends to support the State's position. In Carey, the victim of a burglary saw the burglar for only ten seconds during the commission of the crime. The victim identified a photograph of defendant out of a group of pictures shown to him. This was followed by a lineup, at which he identified the defendant. He testified that impressions gathered from viewing the photographs played a part in the lineup identification, although he did state

that his ability to identify defendant in the lineup was not affected by the prior use of photographs. The court held that the rule requiring exclusion of courtroom identification applied only if it is tainted by pretrial confrontation and there is no independent source for the witnesses' identification. It found that there was an independent basis for the identification. It further held that any conflicts on identification are for the jury to resolve. Here, Harden testified that he observed defendant on two occasions (the independent source); therefore, as in the *Carey* case, any conflicts would be left for the resolution of the jury.

Other recent cases involving similar contentions are State v. Mitchell, 491 S.W.2d 292, 295–296 (Mo.banc 1973); State v. Lee, 491 S.W.2d 317, 322–323 (Mo.banc 1973); and State v. Dodson, 491 S.W.2d 334 (Mo.banc 1973). In Mitchell, defendant argued that the conduct of the police at the time of arrest was suggestive to the point of tainting the in-court identification, citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The court held that none of those authorities were applicable where the victim was able to view her assailant prior to and during the assault and was able to describe his appearance and clothing. The court found that such circumstances gave the victim an independent source and basis for her identification of defendant both at the time of arrest and at trial, and that any taint by suggestion was effectively overcome by such independent basis. There, as here, the victim identified the assailant shortly after the crime, at the scene of the crime. In *Lee,* a case reversed on other grounds, the motion to suppress in-court identification testimony was based upon defendant's contention that a pre-trial identification procedure was impermissibly suggestive. The procedure questioned in *Lee* was the showing of photographs, but the principles involved are the same.

*Wade, Gilbert,* and *Stovall* cases. The There, too, the defendant relied upon the court discussed Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), cited by the defendant herein, noting that *Simmons* applied to photographic identifications and that *Kirby* held that *Wade, Gilbert* per se exclusionary rule does not extend to identification testimony based upon a pre-indictment lineup. In *Dodson,* the contention was likewise that the out-of-court identification which formed the basis of the in-court identification was conducted under impermissibly suggestive circumstances that created a substantial likelihood of irreparable misidentification. The court there noted that absent specific evidence that the confrontation was conducted so as to be unduly suggestive or unfair, prompt on-the-scene confrontations do not entail *Wade* and *Gilbert* prohibited due process violations. The court held that lack of counsel at the on-the-scene confrontation did not make the confrontation illegal. The confrontation in *Dodson* occurred within thirty minutes of the crime, as it did in the instant case.

 In State v. McIntosh, 492 S.W.2d 843 (Mo.1973), the police displayed two pictures of defendant to the victim with the statement that the man in the picture was the man who robbed him. The court, considering the question "in the totality of the circumstances," found that the in-court identification had an independent origin, since the victim had an adequate opportunity during the commission of the crime to view his assailant. The court stated that its conclusion was buttressed upon the strong identification testimony by a witness to the robbery. In our case, assuming that the police statement of the defendant's name to Mr. Harden was suggestive, it cannot be said that it was unduly so if what the police did in *McIntosh* was not impermissibly suggestive. Likewise, Mrs. Baker more than satisfied the requirement of other strong identification testimony.

Accordingly, we find that the confrontation was not impermissibly suggestive. And, we hold that the rule requiring exclusion of an in-court identification is not applicable where the victim is able to view his assailant at the crime and is able, as here, to describe his appearance and clothing. Such circumstances give the witness an independent source and basis for his identification of the defendant both at the time of arrest and at trial, and any taint by suggestion is effectively overcome by such independent basis. State v. Mitchell, supra.

Judgment affirmed.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.