**Johnnie SIMMS, Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 39474.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jeffrey W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Johnnie Simms appeals from a judgment entered upon a jury verdict in the circuit court of the City of St. Louis finding him guilty of robbery in the first degree, § 560.120 RSMo 1969, and armed criminal action, § 559.225 RSMo Supp.1976. The trial court sentenced appellant to consecutive terms of twelve (12) years imprisonment for the robbery and three (3) years for armed criminal action. For reversal appellant argues the trial court erred by: (1) denying appellant's motion to suppress the identification testimony and (2) giving to the jury MAI-CR Instruction 2.70. For the reasons discussed below, we disagree and, accordingly, affirm the judgment.

Due to the issues raised on appeal, a brief recitation of the pertinent facts is necessary. On August 31, 1976, at approximately 8:55 p. m., a man and a woman approached the box office of Loew's State Theatre. The man pointed a pistol at the ticket seller, Mrs. Dorothy Miller, and demanded money. Mrs. Miller handed the man the money. The man fled the scene on foot. Mrs. Miller activated the alarm button and the assistant manager and a security guard responded. Mrs. Miller informed them that a man and a woman had just robbed her. Both men observed appellant

running west on Washington Avenue with money and a gun in his hand and chased him. As appellant turned the corner and headed north on Eighth Street, police officer Walter Jones apprehended and arrested him. The money and a gun were later recovered from underneath a car parked in the area of appellant's arrest.

The police officer returned appellant to the scene of the crime. Not more than ten minutes had elapsed since the time of the robbery. Appellant was handcuffed and seated in the back seat of a patrol car. Ms. Miller, while standing in front of the ticket office, identified appellant as the man who had robbed her. Officer Jones then took Ms. Miller into the theatre and took her statement. Later, during the trial, Ms. Miller made an in-court identification of appellant as the robber. Appellant moved to suppress the identification testimony. After a preliminary hearing on the motion to suppress, the trial court denied the motion.

▊ Appellant first argues the trial court erred in denying appellant's motion to suppress identification testimony because the procedures used at the show-up were impermissibly suggestive and conducive to irreparable mistaken identification. Appellant contends his identification was the product of improper police procedures—appellant was displayed to the victim in handcuffs sitting in the back of a patrol car. In essence, appellant objects to the use of a show-up identification. It is, however, well settled in Missouri that "it is not improper for the police to immediately return a freshly apprehended suspect to the scene of the crime for identification by one who has seen the culprit minutes before." *State v. Maxwell,* 502 S.W.2d 382, 389 (Mo.App. 1973); *see also State v. Hamblin,* 448 S.W.2d 603, 611 (Mo.1970); *State v. Madison,* 537 S.W.2d 563, 564 (Mo.App.1976). For a discussion of the public policy reasons in support of this position see *State v. Hamblin, supra,* at 609–10, *citing Russell v. United States,* 133 U.S.App.D.C. 77, 81, 408 F.2d 1280, 1284 (1969). Absent the use of impermissibly suggestive procedures, show-up confrontations and identifications are

admissible; the reliability of the identification is a matter for the jury. *See, e. g., State v. Dodson,* 491 S.W.2d 334, 338 (Mo. banc 1973); *State v. Townes,* 461 S.W.2d 761, 763 (Mo.1970), *cert. den.,* 407 U.S. 909, 92 S.Ct. 2445, 32 L.Ed.2d 683 (1972).

> In evaluating the suggestiveness of a particular confrontation and the likelihood of misidentification, we look to factors such as the opportunity of the witness to view the accused at the time of the alleged crime, the accuracy of the witness's prior description of the accused, the certainty of the witness at the confrontation, the length of time between the crime and the confrontation, and the need for police to determine at the earliest opportunity whether the person suspected is in fact the person sought.

*State v. Hudson,* 508 S.W.2d 707, 710 (Mo. App.1974); *see also Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

▊ In the present case, appellant was returned to the scene of the crime within ten minutes, immediately after he was arrested. Given the particular facts of this case, there was a real need to determine immediately whether the person apprehended was in fact the person sought. Ms. Miller had ample time to observe appellant and made a definite identification. As noted by appellant, Ms. Miller did not give a description of the robber to police, the procedure used in *State v. McDonald,* 527 S.W.2d 46 (Mo.App.1975). In the present case we believe the circumstances of appellant's apprehension and arrest, which occurred almost immediately after the crime was committed and before Ms. Miller could give a description to anyone, more than compensated for the lack of a description. Finally, the procedure used was not unduly suggestive because appellant was in handcuffs sitting in the back of a patrol car when viewed by Ms. Miller. For example, in *State v. Dodson, supra,* at 337–38, the court found no due process violation in a show-up confrontation where the suspect was viewed in handcuffs and sitting in a police car within thirty minutes of the

crime. Similarly, in *State v. Smith,* 465 S.W.2d 482, 483 (Mo.1971), the court permitted a show-up confrontation where the suspects were viewed seated in the back of a paddy wagon.

We conclude that the procedure used in the show-up confrontation in the present case was neither impermissibly suggestive nor unfair. Moreover, even if the show-up confrontation had been improperly conducted, the opportunity of Ms. Miller to observe appellant for several minutes[1] in the well-lit box office area provided a sufficient independent basis to support the in-court identification. *E. g., State v. Ross,* 502 S.W.2d 241, 245 (Mo.1973); *State v. McDonald, supra,* at 49; *State v. Davis,* 507 S.W.2d 32, (Mo.App.1974).

Appellant's second argument is that the trial court erred in giving to the jury Instruction No. 7, MAI-CR 2.70.[2] Appellant argues that because the charges of robbery in the first degree and armed criminal action were necessarily connected, specifically that the charge of armed criminal action was dependent upon first finding appellant guilty of the robbery, the trial court should have amended the instruction. Appellant contends this failure to amend confused and misled the jury because the instruction did not reflect the true nature of the information, that the armed criminal action charge was dependent upon the finding of the robbery charge.

It is clear in Missouri that any trial error concerning jury instructions is to be deemed prejudicial unless the contrary clearly appears. *See, e. g., State v. Billingsley,* 534 S.W.2d 484, 485 (Mo.App.1975). The prejudicial effect must, however, be judicially determined. *E. g., State v. Boyington,* 544 S.W.2d 300, 303 (Mo.App.1976). When determining whether an instruction or the omission of an instruction was prejudicial, all of the given instructions must be read and considered together. See *State v. Sallee,* 436 S.W.2d 246, 251 (Mo.1969). In the present case, even were we to concede that some confusion may have resulted from the giving of MAI-CR 2.70, we conclude that no prejudice in fact resulted.

Both charges were connected and dependent upon each other. To be found guilty of armed criminal action pursuant to § 559.225 RSMo Supp.1976, necessitated, under the present facts, that appellant first be found guilty or robbery in the first degree, a felony, and that this felony was committed with the use of a dangerous or deadly weapon. The trial court recognized this connection, however, and so instructed the jury. The trial court instructed the jury in Instruction No. 5 as to the charge of robbery in the first degree. The trial court also gave Instruction No. 6[3] as to the charge of armed criminal action. Reading

---

1. *Cf. State v. Hardin,* 555 S.W.2d 27, 29. (Mo. banc 1977) (one and a half minutes); *State v. Patterson,* 465 S.W.2d 599, 601 (Mo.1971) (two minutes).

2. Instruction No. 7 is MAI-CR 2.70—
    The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose *should not be considered* by you as to another offense charged or for any other purpose.
    You may find the defendant guilty or not guilty of any or all of the Counts submitted against him.
    You should render a separate verdict as to each count submitted against the defendant. MAI-CR 2.70 is a mandatory instruction which must be given when multiple counts are involved so that the jury will give separate consideration to each offense. *See, e. g., State v. Boyington,* 544 S.W.2d 300, 303 (Mo.App.

1976); *State v. Johnson,* 537 S.W.2d 816, 819–20 (Mo.App.1976); *see also* Rule 20.02(e), VAMR; MAI-CR 2.70, Notes on Use No. 1.

3. Instruction No. 6:
    As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
    First, that the defendant committed the crime of robbery in the first degree, a felony, as defined heretofore in Instruction No. 5, and
    Second, that the perpetration of the aforesaid felony was done through the aid or use of a weapon, to-wit: a gun, held by the defendant,
    then you will find the defendant guilty under Count II of armed criminal action.
    However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty under Count II of that offense.
    (Not in MAI-CR; Modification of MAI-CR 2.12).

all of the instructions together, we believe the instructions adequately instructed the jury as to the necessary elements of each offense, the possible verdicts, and the necessity of considering the evidence separately in relation to each offense charged and that no prejudice to appellant resulted from the failure of the trial court to amend MAI-CR 2.70 in the present case.

Accordingly, judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.