**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Dana IVY, Defendant–Appellant.**

**No. 54492.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Application to Transfer Denied
May 16, 1989.

---

Gaylard Terrance Williams, Henry B. Robertson, and Beth A. Davis, Asst. Public Defenders, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Dana Ivy, appeals from his conviction, after a jury trial, of robbery first degree. Section 569.020, RSMo (1986). He was sentenced as a prior, persistent and class X offender to 30 years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that defendant approached Kay Steed (victim) as she was getting into her automobile. Saying that he had a gun, he demanded her car keys. She complied and immediately began to walk away from the automobile. Defendant drove up next to the victim, pointed a gun at her out of the car window, and ordered her to give him her purse. The victim dropped her purse and continued walking. Defendant drove away.

Defendant's defense was alibi.

In his first point, defendant asserts that the trial court erred in permitting the victim to testify regarding her identification of defendant as her assailant by reference to police department photographs. Defendant failed to object to victim's testimony at trial or to raise the issue in his motion for new trial. We review only for plain error. *See* Rule 30.20.

The facts pertinent to this issue are that the victim testified on direct examination that, shortly after the robbery occurred, she was working with a police officer on a composite sketch of the robber. When the results of the sketch were unsatisfactory to the victim, she viewed some photographs furnished by the police officer. The victim testified that she told the police officer that she thought a photograph of defendant looked like the robber but that the face in the picture was younger than that of her assailant. The officer then presented the victim with a more recent photograph of defendant which she identified as that of the robber. At trial, she identified both photographs of defendant as those she viewed when she was making the composite sketch. Those photographs were admitted into evidence.

Defendant concedes that the photographs themselves were properly admitted because all identifying information on the photographs was masked. He argues, however, that the jury could infer from the victim's testimony about the photographs that defendant had previously been arrested.

Admittedly, testimony concerning photographs which clearly connects them to prior criminal activity may be prejudicial. *State v. Quinn,* 693 S.W.2d 198, 200 (Mo.App.1985). Here, no such testimony was given. The victim merely verified that the photographs in question were the ones shown to her. *See State v. Moore,* 726 S.W.2d 410, 413 (Mo.App.1987). There was no reference to the source of the photographs. *Compare Quinn,* 693 S.W.2d at 200. The photos were not referred to as mug shots. There was no mention of any kind of prior criminal record of the defendant. *See State v. Howard,* 714 S.W.2d 736, 738 (Mo.App.1986). There was no error, plain or otherwise, in admitting the victim's testimony regarding the photographs. Defendant's first point is denied.

In his second point, defendant asserts that the trial court erred in admitting evidence of unauthorized long-distance telephone calls charged to the victim's telephone credit card. Defendant contends that, because he was never found in possession of the victim's phone card, the long-distance calls constituted improper circumstantial evidence that he committed the robbery in which the card was stolen.

Possession of a stolen credit card may be proven by evidence that defendant used the card. *State v. Lee,* 491 S.W.2d 317, 320 (Mo. banc 1973). In *Lee,* relied upon by defendant, the court did not admit evidence concerning a transaction with a stolen credit card. The sole connection of the defendant to the use of a stolen credit card in *Lee* was an automobile license number, shown to be the defendant's, written upon a charge slip. There were no independent circumstances to show the defendant's possession of the card. *Id.* at 322.

In the present case, telephone company records showed that, within one hour of the robbery, a phone call was made to defendant's aunt's home in Little Rock, Arkansas, and was charged to the victim's phone card. There were other phone calls to the aunt's residence after the date of the robbery which were also charged. The phone calls were made from a pay phone not far from the location of the robbery.

Defendant's aunt testified that defendant had called her two times during the period after the robbery. This evidence presented independent circumstances to show defendant's possession of the card.

In addition, the present case did not rest only on defendant's possession of the credit card, but also on the victim's positive in-court and out-of-court identifications of defendant as the robber. *See State v. Goff,* 516 S.W.2d 818, 821 (Mo.App.1974). The trial court did not err in admitting the evidence of the unauthorized telephone calls. Defendant's second point is denied.

The JUDGMENT IS AFFIRMED.

REINHARD and CRIST, JJ., concur.