Dana A. IVY, Petitioner–Appellant,

v.

Michael S. BOWERSOX, Respondent–
Appellee.

No. 96–2444.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1997.

Decided Sept. 4, 1997.

Suzanne Philbrick, Chesterton, IN, ar-
gued, for appellant.

Cassandra K. Dolgin, Assistant Attorney
General, Jefferson City, MO, argued, for ap-
pellee.

Before BOWMAN, HANSEN, and
MURPHY, Circuit Judges.

HANSEN, Circuit Judge.

Dana Ivy (petitioner), an inmate at the
Potosi Correctional Center in Mineral Point,
Missouri, appeals the district court's [1] order
denying his petition for a writ of habeas
corpus filed pursuant to 28 U.S.C. § 2254.
The petitioner argues that the district court
erred in denying him relief on his two claims
alleging state trial court evidentiary errors
and on his four claims alleging that he re-
ceived ineffective assistance of counsel dur-
ing his direct appeal. Finding no merit to
the petitioner's arguments, we affirm.

I.

The petitioner was convicted of first de-
gree robbery for stealing a woman's car and
purse. On direct appeal, the Missouri Court
of Appeals affirmed his conviction. *State v.
Ivy*, 768 S.W.2d 151 (Mo.Ct.App.1989). In
his petition for a writ of habeas corpus, the
petitioner asserted that (1) the Missouri trial
court had erred in allowing the victim to
testify that she had identified the petitioner
through the use of police department photo-

---

1. The Honorable Donald J. Stohr, United States
District Judge for the Eastern District of Mis-
souri, adopting the report and recommendation
of the Honorable Thomas C. Mummert, III, Unit-
ed States Magistrate Judge for the Eastern Dis-
trict of Missouri.

**676**

graphs, allegedly suggesting to the jury that the petitioner had a criminal record, and (2) the Missouri trial court had erred in admitting evidence of unauthorized long-distance telephone calls to the petitioner's aunt that were charged to the victim's telephone credit card following the robbery, allegedly constituting impermissible circumstantial evidence and evidence of other crimes. The petitioner argued that both of these errors deprived him of his constitutional right to due process. The petitioner also asserted that his appellate counsel had rendered ineffective assistance for failing to raise four additional claims in the direct appeal of petitioner's conviction. After reviewing each of these claims, the district court denied the petition for a writ of habeas corpus.

## II.

■ We review the district court's legal conclusions de novo and its findings of fact for clear error. *Miller v. Lock*, 108 F.3d 868, 870 (8th Cir.1997). In the habeas context, a state court evidentiary ruling will warrant relief "only if the alleged error was so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair." *Troupe v. Groose*, 72 F.3d 75, 76 (8th Cir. 1995). Moreover, an appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." *Pryor v. Norris*, 103 F.3d 710, 714 (8th Cir.1997). After careful review, we find no clear error in the district court's factual findings, and we agree with the court's conclusion that none of the petitioner's claims qualify for habeas relief under the standards listed above.

## III.

Thus, we affirm the judgment of the district court. The petitioner's pending motions are denied.