**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2444

———————

Dana A. Ivy,                    *
                               *
    Petitioner-Appellant,       *
                               *       Appeal from the United States
v.                             *       District Court for the
                               *       Eastern District of Missouri.
Michael S. Bowersox,            *
                               *
    Respondent-Appellee.        *

———————

Submitted: April 17, 1997

Filed:   September 4, 1997

———————

Before BOWMAN, HANSEN, and MURPHY, Circuit Judges.

———————

HANSEN, Circuit Judge.

Dana Ivy (petitioner), an inmate at the Potosi Correctional Center in Mineral Point, Missouri, appeals the district court's[1] order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner argues that the district court erred in denying him relief on his two claims alleging state trial court evidentiary errors and on his four claims alleging that he received ineffective assistance of counsel during his direct appeal. Finding no merit to the petitioner's arguments, we affirm.

I.

The petitioner was convicted of first degree robbery for stealing a woman's car and purse. On direct appeal, the Missouri Court of Appeals affirmed his conviction. State v. Ivy, 768 S.W.2d 151 (Mo. Ct. App. 1989). In his petition for a writ of habeas corpus, the petitioner asserted that (1) the Missouri trial court had erred in allowing the victim to testify that she had identified the petitioner through the use of police department photographs, allegedly suggesting to the jury that the petitioner had a criminal record, and (2) the Missouri trial court had erred in admitting evidence of unauthorized long-distance telephone calls to the petitioner's aunt that were charged to the victim's telephone credit card following the robbery, allegedly constituting impermissible circumstantial evidence and evidence of other crimes. The petitioner argued that both of these errors deprived him of his constitutional right to due process. The petitioner also asserted that his appellate counsel had rendered ineffective assistance for failing to raise four additional claims in the direct appeal of petitioner's

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

conviction. After reviewing each of these claims, the district court denied the petition for a writ of habeas corpus.

## II.

We review the district court's legal conclusions de novo and its findings of fact for clear error. Miller v. Lock, 108 F.3d 868, 870 (8th Cir. 1997). In the habeas context, a state court evidentiary ruling will warrant relief "only if the alleged error was so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995). Moreover, an appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." Pryor v. Norris, 103 F.3d 710, 714 (8th Cir. 1997). After careful review, we find no clear error in the district court's factual findings, and we agree with the court's conclusion that none of the petitioner's claims qualify for habeas relief under the standards listed above.

## III.

Thus, we affirm the judgment of the district court. The petitioner's pending motions are denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.