**UNITED STATES of America, Appellee,**

v.

**Jesse BEBEE, Appellant.**

**No. 75–1801.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1976.

Decided March 18, 1976.

Lawrence F. Gepford and Albert A. Riederer, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and James C. England, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Jesse Bebee appeals his conviction on two counts of distributing a quantity of amphetamines. Bebee argues that the district court erred in admitting certain rebuttal evidence to impeach defendant's testimony. We affirm.

The government established at trial that defendant arranged a sale of amphetamines to an undercover agent on January 23, 1975. The defendant took the stand and attempted to show that he was entrapped by government agents into arranging the sale.

He testified that he was not dealing in narcotics prior to January 13, 1975, the date on which the agents contacted him. He stated that he had no intent or predisposition to sell or distribute narcotics. Furthermore, he testified that he did not know anyone who was involved in dealing in narcotics.

In rebuttal, the government called E. L. Porter, a Missouri state highway patrolman involved in undercover narcotics work. Porter testified that on November 6, 1974, some two months before the incident, he and defendant Bebee discussed the sale of narcotics. At that time, Bebee offered to sell Porter a small quantity of marijuana. Bebee also told Porter that he had been supplying certain other dealers with amphetamines. He told Porter that he (Porter) could be supplied with amphetamines also.

Defendant argues that the admission of Porter's testimony was error because it concerned acts of misconduct not culminating in conviction of a crime. We disagree.

No evidence of actual misconduct was elicited by the government on direct examination of Porter. The only evidence of misconduct on the part of Bebee was elicited by defense counsel on cross-examination. Defense counsel asked Porter whether he accepted any of the marijuana offered by Bebee. Porter responded affirmatively.

Porter's testimony as to Bebee's prior inconsistent statements was clearly relevant to impeach the credibility of the defendant. The statements were inconsistent with his testimony at trial. The jury was properly instructed that the statements were to be considered only for defendant's credibility and not for the truth of the matters asserted therein. Under such circumstances, the statements were clearly admissible. *Grunewald v. United States,* 353 U.S. 391, 418, 77 S.Ct. 963, 981, 1 L.Ed.2d 931, 951 (1957); *Sykes v. United States,* 312 F.2d 232, 235 n.1 (8th Cir.), *cert. denied,* 373 U.S. 942, 83 S.Ct. 1551, 10 L.Ed.2d 698 (1963); *United States v. Lemon,* 497 F.2d 854, 857–858 (10th Cir. 1974).

The judgment of conviction is affirmed.