UNITED STATES of America, Appellee,

v.

**Nathaniel DAVIS, Appellant.**

**No. 75–1913.**

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1976.

Decided March 30, 1976.

---

Raymond Harrill, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Nathaniel Davis was convicted of possessing a check stolen from the mail in violation of 18 U.S.C. § 1708, and was sentenced to two years' imprisonment. He appeals.

The principal evidence against appellant was a written statement which he signed in the presence of Postal Inspector B. R. Upson on June 23, 1975. In the statement, appellant admitted that on Sunday, June 22, he had gone to the Humphrey, Arkansas, Post Office to get his mail from his post office box. He saw a box that was not locked. He opened the door, and the glass fell on the floor. He removed the check in question from the box. That evening, he went with one Goldman Jackson to a restaurant and cashed the check, having endorsed it in the payee's name.[1]

The only serious issue on appeal relates to appellant's motion to suppress this statement. The trial court conducted a suppression hearing at the close of the government's case-in-chief.[2] He concluded that appellant had knowingly and voluntarily waived his *Miranda* rights and signed the statement,[3] and denied the motion to suppress. We hold that he acted properly in so doing, and affirm the conviction.

Four persons testified to the circumstances in which the statement was signed: Inspector Upson, Larry Carroll (Humphrey City Marshal), Goldman Jackson, and appellant.

Upson testified that he and Carroll had taken appellant and Goldman Jackson to the Humphrey City Hall on January 23. Appellant's breath and clothes smelled of alcohol, but he "conducted himself in what appeared to me to be in a sober condition." Upson gave both Jackson and appellant copies of a *Miranda* waiver form. He read

---

1. Appellant does not challenge the sufficiency of the evidence corroborating his confession, nor could he successfully do so. There was independent evidence showing that the check had in fact been stolen from the Humphrey Post Office. Also, Jackson testified that he accompanied appellant on the night of June 22 to the restaurant where the check was cashed.

2. This procedure was followed by agreement of the parties, and is not challenged here. This was a court tried case, so that no prejudice was done by postponing the question of admissibility until after the government's case-in-chief. *Cf. Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. The trial judge did not expressly use the words "knowing and voluntary waiver." He did, however, expressly find that appellant signed the waiver and that he "knew what he was doing at that time." The judge resolved crucial factual conflicts in the testimony. *See* Transcript at 68–70. His findings were thus sufficient even if the "unmistakable clarity" standard of the Sixth Circuit is to be used. *See United States v. Garrett*, 521 F.2d 444, 447 (8th Cir. 1975); *United States v. Goss*, 484 F.2d 434, 436 (6th Cir. 1973).

the entire form to appellant. He said, "Do you understand what it means?" Appellant said, "Yes." Upson asked appellant if he knew the meaning of "coercion," a word appearing on the form. Appellant said he did not; Upson explained the word to him. Appellant signed the waiver. Upson then took appellant's story. He wrote the statement paragraph by paragraph, reading each to appellant. Appellant then read and signed the statement.

Carroll testified that appellant had been found with Jackson in Jackson's truck. They had a six-pack of beer, of which two bottles had been opened. At the interview with Upson, both men were cooperative. At the onset, appellant signed the waiver form. The men also signed fingerprint cards and handwriting sample cards. The interview lasted into the afternoon, "maybe two hours; maybe two and a half hours." At the end of the interview, the statement was signed.

Goldman Jackson also testified about the interview. On that morning he said, appellant had drunk "at least about three" beers in Pine Bluff. The two had returned to Humphrey, and were encountered by Upson and Carroll, who took them to City Hall. Jackson remembered that both he and appellant had signed papers. He could not remember what, if any, explanation of the papers signed had been given to him or to appellant.

Appellant mentioned that he had been drinking that morning in Pine Bluff with Jackson. The two returned to Humphrey and were taken to City Hall by Upson and Carroll. His testimony about whether he had signed the waiver of rights was contradictory. He first said that he signed it, shortly after he was taken to City Hall. He later said, "I might have signed my name to it, but I don't remember." He said that Upson and Carroll asked him to sign things, and he signed them.

Appellant said he had first told the officers that he got the check in a crap game at Humnoke, Arkansas. He later told the officers that he had gotten the check at the Humphrey Post Office, from a box whose glass fell out. He denied admitting that he had endorsed the check in the payee's name. He testified that he "might have signed" the handwritten statement. He said that either Carroll or Upson told him that if he signed the statement, "he might could help me and I wouldn't have to go to jail or nothing like that."

The government called Upson in rebuttal. Upson denied appellant's statement that appellant had been told that he would not go to jail if he signed the statement. Rather, Upson had told appellant that, regardless of whether he signed the statement, he would not go to jail on that day.

On this evidence, the trial judge admitted the statement.

It is of course settled that a confession, to be admissible, must be voluntarily made. *Jackson v. Denno*, 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908, 915 (1964). If it results from an uncounseled custodial interrogation, it must be also preceded by a knowing and intelligent waiver of *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966). The burden rests on the government to prove that these requisites to admissibility have been satisfied. The trial court here determined that they were, and after a review of the record we agree that this determination was correct.

■ Appellant contends first that the waiver of rights was not knowing and intelligent. He testified that he signed everything he was asked to sign. The meaning of "coercion" had to be explained to him. From this, appellant's counsel argues, "it is more probable than not that Appellant Davis simply did not understand the form and was too embarrassed or inhibited to say so."[4]

---

4. Appellant's counsel does not attempt to rely on the evidence which showed that appellant had been drinking on the day of the statement. In light of the fact that most of the drinking had occurred in the morning, that appellant had eaten lunch in the interim, and that Upson described appellant's behavior as "sober", this evidence would not be sufficient in any event to render the district court's findings of an intelligent waiver to be erroneous.

However, Upson testified that he read the waiver form aloud to appellant. He asked appellant if he understood the form, and obtained an affirmative reply. He made certain that appellant understood "coercion." From this evidence, the trial court could properly have found that appellant knowingly waived his rights.

■ Appellant also contends that the statement was not voluntary. He claims that his confession was induced by Upson's promise that, if he signed the confession, Upson would see that he would not go to jail. Upson, of course, denies making this statement. He contends that he told appellant only that, regardless of whether he signed the statement, he would not go to jail on that particular day. The resolution of this matter, involving the credibility of witnesses, is for the trial judge. *United States v. Thomas*, 521 F.2d 76, 79 (8th Cir. 1975); *United States v. Harvey*, 483 F.2d 448, 449 (5th Cir. 1973), *cert. denied*, 414 U.S. 1160, 94 S.Ct. 920, 39 L.Ed.2d 112 (1974); *United States v. Crovedi*, 467 F.2d 1032, 1036 (7th Cir. 1972), *cert. denied*, 410 U.S. 990, 93 S.Ct. 1510, 36 L.Ed.2d 189 (1973). By admitting the statement, the trial judge implicitly found that no promise was made. There is no reason to disturb this finding. The government thus sustained its burden of showing that the confession was voluntarily made.

The trial court correctly found that appellant knowingly and intelligently waived his *Miranda* rights and voluntarily made the incriminating statement. The statement was properly admitted.

The judgment of conviction is affirmed.