**UNITED STATES of America, Appellee,**

v.

**Jackie PORTER, Appellant.**

**No. 76–1438.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1976.

Decided Nov. 5, 1976.

Rehearing Denied Dec. 9, 1976.

---

Robert H. Wendt, St. Louis, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty, St. Louis, Mo., on brief.

Before LAY, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Jackie Thomas Porter appeals from his conviction on three counts of distribution of

heroin and use of a communication facility in furtherance of the distribution of heroin. We affirm.

The evidence, viewed in the light most favorable to the government, shows that on December 15, 1975, a sale of heroin was arranged between a government informant named George Groves and the defendant Porter. The sale was made by Porter to Groves and was observed by Detective Benny Green of the St. Louis Police Department. The heroin was turned over to Green after the sale. Another sale was arranged by phone between Groves and Porter on December 18, 1975, the phone calls being recorded. Pursuant to this arrangement, Groves purchased another packet of heroin from Porter which he also turned over to Detective Green. These facts were established at trial by the testimony of Detective Green and two other detectives as well as the testimony of informant Groves.

At trial, the defendant took the stand and denied that he sold heroin to Groves on the two instances in question. He admitted receiving money from Groves but claimed that the payments were made to reimburse Porter for property that Groves had stolen from his home. Porter denied selling heroin to Groves and stated that he had never sold narcotics to anyone. Porter also denied that he had admitted to anyone that he had sold heroin to Groves.

In rebuttal, the government called Detectives Olive and Duffy of the St. Louis Police Department. Olive testified that after Porter's arrest, Porter phoned him to request the return of a shotgun which had been seized by the arresting officers. During this conversation, according to Olive, Porter stated that he would probably plead guilty to the charges and admitted that he had sold heroin to Groves. The trial court admitted this rebuttal evidence as prior inconsistent statements of the defendant.

The defendant first argues that his statements to Detective Olive were prejudicial and inadmissible. We disagree.

■■■ These extrajudicial statements of the defendant were admissible as admissions by a party-opponent under Fed.R. Evid. 801(d)(2)(A).[1] This section embodies the traditional rule, as Wigmore states it, that " * * * any and every statement by an accused person, so far as not excluded by the doctrine of confessions * * *, or by the privilege against self-incrimination * * *, is usable *against him* as an admission * * *." VI Wigmore, Evidence § 1732, at 99 (3d ed. 1940) (emphasis in original). *See also United States v. Rouse*, 452 F.2d 311, 313 (5th Cir. 1971) (per curiam); *cf. United States v. Nixon*, 418 U.S. 683, 700–701 & n. 13, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). As stated by the Advisory Committee on the Proposed Rules:

Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule. (Citations omitted.) No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility.

Fed.R.Evid. 801(d)(2)(A), Note to Subdivision (d)(2)(A). Since these statements were not made in custody, and thus were not excludable under any constitutional privilege, the statements were admissible as admissions of a party-opponent for any inference the jury could draw.[2] The admissions

---

1. Fed.R.Evid. 801(d)(2)(A) provides:

    (d) *Statements which are not hearsay.* A statement is not hearsay if—
    (1) * * *.
    (2) *Admission by party-opponent.* The statement is offered against a party and is

    (A) his own statement, in either his individual or a representative capacity * * *.

2. The government argues that the statements were also admissible as prior inconsistent statements. It is a fundamental rule of evidence that "* * * prior inconsistent state-

were amply corroborated by the government's case in chief. *Cf. Lindsay v. United States,* 542 F.2d 755 (8th Cir., 1976) (per curiam).

■ That the statements could have been produced during the government's case in chief does not require a different result. "The mere fact that testimony could have been admitted on direct does not preclude its admission on rebuttal." *United States v. Calvert,* 523 F.2d 895, 911–912 (8th Cir. 1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976) (footnote omitted); *United States v. Plata,* 361 F.2d 958, 962 (7th Cir.), *cert. denied,* 385 U.S. 841, 87 S.Ct. 94, 17 L.Ed.2d 74 (1966). The scope of rebuttal is a matter in which the trial court has broad discretion. *United States v. Calvert, supra,* 523 F.2d at 911. After the defendant took the stand and denied involvement in the heroin sale, it was appropriate for the government to rebut that claim by putting Detective Olive on the stand to testify as to Porter's admissions.[3]

■ The defendant next contends that the trial court erred in admitting testimony of Detectives Olive and Duffy that Porter had admitted dealing in narcotics. These statements, like those described above, were admissible as admissions of a party-opponent under Fed.R.Evid. 801(d)(2)(A). The statements were also admissible as relevant to intent, motive, design, knowledge, identi-ty or habits under Fed.R.Evid. 404(b). *Cf. United States v. Martin,* 489 F.2d 674, 676 (9th Cir. 1973), *cert. denied,* 417 U.S. 948, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974).

■ The defendant also argues that a response of Detective Olive to a question on cross-examination shows that the government improperly attempted to establish that Porter had previously been charged (not convicted) of other narcotics violations. In response to a question relating to prior convictions, Olive stated that he knew Porter had been *charged* with other drug violations. Defense counsel moved for a mistrial but, when the motion was denied, did not request a cautionary instruction.

This testimony was clearly improper and the trial judge should have, *sua sponte,* instructed the jury to disregard the statement. However, in view of the strong evidence of guilt, the failure of the defense counsel to request an instruction, and the obvious lack of bad faith on the part of either the witness or government counsel, we find the error harmless beyond a reasonable doubt.

We have considered the remaining evidentiary issues raised by the defendant and find them without merit.

■ The defendant next argues that 21 U.S.C. §§ 811 and 812 are unconstitutional. These statutes classify controlled substances in various schedules and vest discre-

---

ments may be used to impeach the credibility of a witness." *United States v. Hale,* 422 U.S. 171, 176, 95 S.Ct. 2133, 2136, 45 L.Ed.2d 99 (1975); *see also United States v. Bebee,* 532 F.2d 110, 111 (8th Cir. 1976) (per curiam). In this case the statements would have been admissible as prior inconsistent statements only for impeachment, not for their truth, because they were not "* * * given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, * *." Fed.R.Evid. 801(d)(1)(A); *see also* H.R.Rep.No. 650, 93d Cong., 1st Sess. 13 (1973); 4 J. Weinstein, United States Rules ¶ 801(d)(1)(A)[01], at 801–72–73 (1975). If it were not for the fact that they were also admissible as admissions of a party-opponent, a cautionary instruction would have been necessary to advise a jury the statements were admitted for the limited purpose of impeachment. Since there was this dual reason for admissibility no cautionary instruction was necessary.

3. The defendant also argues that the admission of evidence that Detectives Olive and Duffy knew the defendant on a first-name basis was prejudicial error. The defendant claims that this evidence improperly connected him with the narcotics business. Even assuming the defendant properly objected to this testimony, we fail to comprehend how this evidence served to connect the defendant to the narcotics business. The testimony was properly admitted to establish a foundation for the introduction of Porter's admissions—that the admissions were made to a person whom Porter knew well, and in a conversation in which Porter was asking for a favor.

tion in the Attorney General to classify other substances if he deems them subject to abuse. The defendant has in no way been affected by the delegation of authority of which he complains since Congress itself has classified heroin as a Schedule I drug. *See United States v. Westlake,* 480 F.2d 1225, 1226 (5th Cir. 1973) (per curiam); *United States v. Jones,* 480 F.2d 954, 960 (5th Cir.), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973). Thus, his constitutional claim is without merit.

The defendant also contends that the trial court erred in denying his motion for a judgment of acquittal because the government adduced no proof that heroin is a Schedule I narcotic controlled substance. Whether or not the substance transferred is a Schedule I narcotic controlled substance is a question of law, not fact. The jury was properly instructed that heroin is a Schedule I controlled substance as a matter of law.

Affirmed.