UNITED STATES of America, Appellee,

v.

James Richard PAULSEN, Appellant.

No. 80-1347.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1981.

Decided April 3, 1981.

Rehearing and Rehearing En Banc Denied April 29, 1981.

Robert D. Goodell (argued), Douglas W. Thomson, Thomson Law Offices, St. Paul, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty. (argued), Dist. of Minnesota, Minneapolis, Minn., for appellee.

. Before HEANEY and HENLEY, Circuit Judges, and PECK,* Senior Circuit Judge.

* JOHN W. PECK, U. S. Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

PER CURIAM.

Appellant Paulsen was indicted on two counts of violating the Controlled Substances law. Count I charged Paulsen with aiding in the distribution of 224 grams of cocaine on December 18, 1978, in violation of 21 U.S.C. § 841(a)(1). Paulsen was charged in Count II with possessing with the intent to distribute approximately 112 grams of cocaine on December 17, 1979, also in violation of 21 U.S.C. § 841(a)(1). On January 15, 1980, a jury convicted Paulsen on both counts. The court [1] sentenced the appellant to eight years imprisonment, to be followed by a special parole term of three years.

Paulsen's primary contention on appeal is that he was denied a fair trial because of certain lines of inquiry pursued by the prosecutor while cross-examining him. The prosecutor attempted to establish through appellant's testimony on cross-examination that the appellant had been involved in drug dealing with three other persons. The appellant successfully objected to this questioning. The prosecutor was allowed to question the appellant about his involvement in a 1974 trip to California to obtain a large quantity of marijuana. After the appellant denied any knowledge of the transaction, the prosecutor introduced collateral evidence of the trip.

[1, 2] There is no merit to the appellant's contention that he was denied a fair trial on these grounds. Admission of the California marijuana testimony, and the unsuccessful attempt to elicit testimony of the appellant's involvement with other alleged drug dealers, was not a part of the government's case in chief. This questioning was pursued only after the appellant stated on direct examination that he had never been involved with drugs or drug dealing in any way beyond a few occasions of personal use. The trial court did not abuse its discretion by allowing the prosecutor to impeach the defendant with evidence of the California

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

transaction. *See Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); *United States v. Bebee*, 532 F.2d 110 (8th Cir. 1976). The other lines of impeachment testimony were successfully objected to. There is no indication that after receiving the adverse ruling the government proceeded in any manner to elicit further testimony on those subjects. The brief questioning that occurred before the objections were sustained was not so inflammatory or so highly prejudicial as to substantially affect the defendant's rights. *See United States v. Walker*, 621 F.2d 163 (5th Cir. 1980); *United States v. Phillips*, 482 F.2d 191, 196 (8th Cir.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973).

There is also no merit to the defendant's contentions that he was prejudiced by the joinder of the two counts, or that the evidence was insufficient to sustain the jury's verdicts. The conviction is hereby affirmed. *See* Rule 14 of the Rules of this Court.