_____

No. 94-3700
_____

United States of America,      *
                               *
        Appellee,              *
                               *
    v.                         *
                               *
Jeffrey Lynn Big Crow,         *
                               *
        Appellant.             *

_____

No. 94-3774
_____

                                    Appeals from the United States
                                    District Court for the
                                    District of South Dakota.

United States of America,      *
                               *
        Appellee,              *
                               *
    v.                         *
                               *
Duane Leroy Apple,             *
                               *
        Appellant.             *

_____

Submitted:  May 19, 1995

Filed:  January 22, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, FAGG and WOLLMAN, Circuit
    Judges.
_____

WOLLMAN, Circuit Judge.

    Jeffrey Lynn Big Crow and Duane Leroy Apple appeal from their
convictions of assault resulting in serious bodily injury, a
violation of 18 U.S.C. §§ 2, 1153, and 113(f).  Big Crow also
appeals from his sentence.  We affirm the convictions and the
sentence.

The events that gave rise to this prosecution occurred in the early morning hours of Sunday, June 6, 1993, at Big Bat's Conoco, a gas station/convenience store located in Pine Ridge, South Dakota.

At about 5:30 that morning, Apple, Big Crow, Kevin Apple (Duane's cousin), and Darrell Red Shirt pulled up to Big Bat's in Red Shirt's truck. The four men had been drinking beer and whiskey throughout the night. Duane Apple and Big Crow entered the store. Present in the store were David "Sonny" Richards and his fifteen-year-old niece Wyleen Roubideaux. Although the record is not clear regarding the language and gestures that were directed towards Wyleen by Apple and Big Crow, Richards testified that "they were more or less just saying all types of bad remarks and stuff as far as her . . . ." Christine O'Donnell, the assistant manager of Big Bat's, heard one of the three men say, "Let's take this outside," whereupon Richards, Big Crow, and Apple left the store.

Once the three were outside the store, things did not go well for Richards, for he was immediately struck in the mouth by Apple. As Richards staggered backwards from the force of the blow, he felt two blows to his temples. Richards testified that he fell to the ground and that as he lay there he was kicked in the mouth by Apple. Richards was then kicked in the jaw by someone standing behind him, whom he took to be Big Crow, since the latter was the only person Richards recalled having seen there. Ms. O'Donnell testified that "I seen Jeff step around the corner and reach out or lean out, step; just as he was stepping off the curb, kick Sonny in the chin, then I seen Sonny's head snap back."

Following the assault, Apple, Big Crow, Kevin Apple, and Darrell Red Shirt left the scene, leaving Richards to fend for himself.

The next day Richards was seen by medical personnel at the Public Health Service Hospital in Pine Ridge, who referred Richards to Dr. Kenneth Van Asma, an oral maxillofacial surgeon in Rapid City, South Dakota, for further treatment. Richards' right jaw had been fractured in two places. Dr. Van Asma removed Richards' molars. He then secured the fractured bones by inserting an arch bar, securing it with a wire inserted into the jaw bone by means of an open reduction technique. Richards was under a general anesthetic for approximately two hours during this procedure.

## I.

Big Crow and Apple contend that the district court[1] erred in permitting the government to introduce evidence on rebuttal regarding their propensity for violence after drinking alcohol.

Following the testimony of one of Big Crow's witnesses, the jury submitted the following question to the court: "Having knowledge of Kevin Apple, Duane Apple, Jeff Big Crow, and Sonny Richards individually, while drinking do each one separately become hostile and aggressive in their actions?"[2] After conferring with counsel, the district court ruled that it would not permit the question to be asked. The court then instructed the jury that it might or might not hear evidence during the course of the trial that would answer the question.

On rebuttal, the government called as one of its witnesses Valerie Hunter. After the government had established that Ms. Hunter had been around Apple and Big Crow after they had been drinking, the district court admitted over Apple's and Big Crow's

---

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

[2]The district court apparently permitted the jury to submit questions throughout the course of the trial.

-4-

objections the following questions and answers:

> Q. Do you have an opinion on whether Duane Apple is a peaceful or assaultive person after he has been drinking?
>
> . . . .
>
> A. Violent.
>
> . . . .
>
> Q. . . . Do you have an opinion of whether Jeffrey Big Crow is a peaceful or assaultive person after he has been drinking alcoholic beverages?
>
> A. Assaultive.

On appeal, the government concedes that because neither Apple nor Big Crow had offered testimony regarding their character for peacefulness, the above-quoted questions and answers should not have been offered and received. The government argues, however, that this evidence had no substantial impact on the jury's verdict with respect to Apple because Apple never denied having struck Richards. As the government points out, Apple's counsel stated during opening argument that "Duane Apple admits that he hit Sonny Richards that day. He has never denied hitting him; only hit him with his fist. . . . Duane Apple does not deny that there is a fight, that he hit Sonny . . . ." During his final argument, Apple's counsel stated, "Duane has always admitted to hitting Sonny. . . . Duane admits striking him, but Duane has difficulty with -- and I agree -- an issue you have to really decide is: was this a serious bodily injury?" Counsel then went on to question the seriousness of the injury suffered by Richards.

We agree with the government that in light of Apple's admissions that he had struck Richards, Ms. Hunter's testimony about Apple's propensity for violence when drinking was inconsequential. Apple's trial strategy was to minimize the

seriousness of Richards' injury.  It is not surprising that the jury did not find this defense persuasive, given Dr. Van Asma's testimony regarding the nature of Richards' injury and the procedure necessary to treat it.

Although it is a closer question, we conclude that the challenged testimony was not so prejudicial as to require a reversal of Big Crow's conviction.[3]  Ms. O'Donnell's eyewitness testimony went largely unchallenged; she had a clear line of vision from within the store; she was acquainted with both Duane Apple and Jeffrey Big Crow; and she had no reason to lie.  Her testimony bolstered Richards' account of the assault.  Likewise, Darrell Red Shirt, who only short minutes earlier had been a companion throughout a long night and morning of drinking with them, testified that it "[l]ooked like they [Duane Apple and Big Crow] were kicking someone . . . ."  In light of the entire record, then, we conclude that the erroneous admission of Ms. Hunter's testimony did not affect any of Big Crow's substantial rights and did not influence, or had only a slight influence, on the verdict. Accordingly, we hold that the error in admitting her testimony was harmless.  Fed. R. Crim P. 52(a); United States v. Cortez, 935 F.2d 135, 140 (8th Cir. 1991); United States v. McCrady, 774 F.2d 868, 874 (8th Cir. 1985).

## II.

Apple did not take the stand.  The one witness that he did call did not testify about the details of the assault. Nevertheless, the district court permitted the government to call

---

[3]The government contends that Big Crow's objection to Ms. Hunter's testimony lacked the specificity necessary to preserve the question for plenary review.  Although there is some force to the government's argument, we conclude that, when reviewed in context, the objection was sufficiently specific to preserve the issue for review.

as a rebuttal witness an FBI agent, who testified that Apple had admitted to him that he had struck Richards once.  Apple contends that the district court erred in admitting this testimony.  We conclude, however, that the district court did not abuse its discretion in so ruling.  See United States v. Shurn, 852 F.2d 366 (8th Cir. 1988) (per curiam); United States v. Porter, 544 F.2d 936 (8th Cir. 1976); United States v. Calvert, 523 F.2d 895 (8th Cir. 1975), cert. denied, 424 U.S. 911 (1976).  In any event, Apple can hardly complain about the impact of this testimony, given the fact that he himself stated during his opening statement that he did not deny striking Richards.

## III.

The district court increased Big Crow's offense level by two levels under U.S.S.G. § 3C1.1 for his obstruction of justice, finding that Big Crow had testified falsely at trial by denying that he had assaulted Richards and by saying that he had seen Kevin Apple assault Richards.

As required by United States v. Dunnigan, 113 S. Ct. 1111, 1117 (1993), the district court reviewed the evidence and made its independent finding that Big Crow had obstructed justice by committing perjury during the trial.  In making this finding, the district court placed substantial reliance upon Christine O'Donnell's testimony, as well as finding Richards' testimony to be credible.  As Big Crow acknowledges, we review a district court's finding of obstruction of justice under section 3C1.1 under the clearly erroneous standard of review.  See, e.g., United States v. Pena, 67 F.3d 153, 157 (8th Cir. 1995).  Our review of the record satisfies us that the district court's finding is not clearly erroneous, and we therefore affirm the obstruction of justice enhancement.

The convictions are affirmed, as is Big Crow's sentence.

-7-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.