STATE of Missouri,
Plaintiff-Respondent,

v.

Lyndall Clarence SHIVE,
Defendant-Appellant.

No. 12012.

Missouri Court of Appeals,
Southern District,
Division Two.

July 23, 1981.

Motion for Rehearing or Transfer
Denied Aug. 10, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Lyndall Clarence Shive was found guilty of stealing [Sec. 570.030, RSMo 1978] by a Greene County jury and sentenced as a persistent offender [Sec. 558.016.2, RSMo 1978] by the court to 12 years imprisonment. He contends reversible error was committed when, over objection, photographs of his two accomplices were admitted in evidence. We affirm.

The sufficiency of the evidence is not questioned and a brief summary of the facts follows. Sergeant Viessman and Trooper Hill, of the Missouri State Highway Patrol, had established an undercover "sting" operation in a warehouse at Bates City, Missouri, buying stolen merchandise. Two automobiles were stolen from Reliable Chevrolet in Springfield, Missouri, sometime between closing Saturday and Monday morning. On Monday the two stolen vehicles, driven by accomplices, and a third vehicle, driven by defendant, arrived at the "sting" warehouse. A "sale" of the two stolen cars was completed and defendant and his two accomplices divided up the proceeds. Video tape captured the transaction at the warehouse. Later, at a tavern, defendant described to the officers the method utilized to steal the two vehicles from the Reliable Chevrolet lot.

On direct examination Sergeant Viessman was shown "mugshot" type photographs and identified the individuals in the pictures as being the two men with defendant at the warehouse. Information on the

photographs was masked before the photographs were shown to the jury but defendant complains the admission of the photographs prejudiced him by association with "criminal types" and "unsavory characters."

The trial court has wide discretion in the admission of photographs in evidence. *State v. Hurst*, 612 S.W.2d 846 (Mo.App. 1981). Photographs are admissible where they help to establish relevant facts or where they tend to clarify or corroborate the testimony of witnesses. *State v. Hanson*, 587 S.W.2d 895 (Mo.App.1979). "Mug-shots" are considered neutral and do not constitute evidence of prior crimes or offenses. There is no prejudicial error when the identifying material on photographs is masked. *State v. Lorenze*, 592 S.W.2d 523 (Mo.App.1979); *State v. Futrell*, 565 S.W.2d 465 (Mo.App.1978).

Here, the photographs of the two accomplices, corroborated the undercover agent's testimony as to the identity of the two men who were involved with defendant in the "sale" of the two stolen automobiles at the "sting" warehouse and further served to corroborate the accuracy of the video tape which was received in evidence. We find no error.

The judgment is affirmed.

All concur.