STATE of Missouri, Respondent,

v.

Wendell BROWN, Appellant.

No. 45161.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Robert Wolfrum, Sp. Asst. Public Defender, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Donald Kohl, Asst. Pros. Atty., St. Charles, for respondent.

CRANDALL, Presiding Judge.

Appellant, Wendell Brown, was convicted in a jury trial of assault in the first degree, § 565.050, RSMo (1978), and was sentenced to ten years imprisonment.

Since appellant does not challenge the sufficiency of the evidence, we will briefly review the evidence in the light most favorable to the verdict. See State v. Means, 628 S.W.2d 426, 427 (Mo.App.1982). On April 2, 1981, John C. Oliver and appellant were involved in an argument near appellant's place of business, culminating in appellant cutting Mr. Oliver's throat. Oliver later identified appellant from five photographs which he viewed at the St. Charles Police Station. Appellant claimed self-defense.

■ Appellant contends that the trial court erred by permitting a police officer to testify that: (1) the complaining witness identified appellant from a photographic display, and (2) appellant's photograph was a "mug shot" from a previous arrest. Since there was no objection to this testimony at trial nor mention of it in appellant's motion

for new trial, appellant raises these contentions as plain error. Rule 30.20. When reviewing error under this rule, we may consider error that has not been preserved which affects substantial rights resulting in a manifest injustice or miscarriage of justice. *State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982). We find no plain error and therefore affirm.

Appellant's claimed error centers on the testimony during the trial of Detective McCarrick of the St. Charles Police Department. Detective McCarrick testified that Oliver positively identified the defendant from a group of five photographs. When the prosecutor asked Detective McCarrick why there were pieces of tape across the photographs. the officer responded:

> Each of the photographs is a police department file photo, a mug shot, and in each of the photographs the person is bearing a board that bears his name, the date that he was arrested and what he was charged with and his height and weight and possibly some other information. The tape is on there just to cover that information up so the name and physical characteristics of the person in the pictures aren't visible.

 Detective McCarrick's testimony that Mr. Oliver identified a photograph of appellant was hearsay and inadmissible under any exception to the hearsay rule because Oliver's identification of the appellant was unimpeached. *State v. Degraffenreid,* 477 S.W.2d 57, 62–64 (Mo. banc 1972). Since the testimony concerning the extrajudicial identification was error, we must consider whether that evidence prejudiced the appellant. *Id.* Defense counsel did not object to the police officer's testimony because identification was not an issue in the case. Our review of the record indicates that appellant's defense from the beginning of the trial was self-defense. Appellant's presence at the scene of the crime and his confrontation with John Oliver was conceded. Therefore, the hearsay testimony of the police officer did not prejudice the appellant. Appellant's first contention is without merit.

 Detective McCarrick's reference to appellant's photograph as a "mug shot" combined with his testimony that appellant had previously been arrested was obviously inadmissible as evidence of other crimes. *State v. Lue,* 598 S.W.2d 133, 137 (Mo. banc 1980). However, appellant, testifying on his own behalf, admitted a prior conviction for peace disturbance. His admission of a prior conviction removed any prejudice resulting from the references to appellant's photograph as a "mug shot" and to his prior arrest. *State v. Hurley,* 602 S.W.2d 838, 839 (Mo.App.1980). Appellant's second contention is without merit.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.