STATE of Missouri, Respondent,

v.

Steven QUINN, Appellant.

No. 49011.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 7, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer
Denied Aug. 7, 1985.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Steven Quinn, appeals from his conviction, after a jury trial, of stealing. He was sentenced as a prior and persistent offender to imprisonment for five years. We reverse and remand.

Calvin and Rosie James were expecting a plumber named James Williams to arrive at their home in St. Louis around 3:00 or 3:30 p.m., January 10, 1984, to fix a frozen waterpipe. That morning, while Mr. James was at a nearby bank, a man appeared at the James' home. Mrs. James asked if he was the plumber, and the man said yes. She let the man in to wait for her husband to return.

Mr. James returned from his errand and found the man waiting for him. The two first went into a bathroom to inspect a plumbing problem there, then went to the basement to further investigate. The man went back up to the bathroom, then returned to the basement. While in the basement, the man told Mr. James he needed money to buy clamps. Mr. James gave him $2.50 or $3.00. The man then said he would need $5.00 more to buy pipe. When Mr. James took out his billfold the second time, the man grabbed the $5.00 bill and the billfold and fled. Later that day the real plumber, Mr. Williams, arrived to do the repair work.

Mr. James, who was 81 years old at the time of trial, was able to identify the defendant as the man who posed as the plumber, first from a group of 36 photographs, then in a lineup, and then again at trial. Mrs. James was not able to pick the defendant out of the lineup.

The defense presented no evidence. Defendant's sole point on appeal claims the court erred in overruling defense counsel's objection and motion for mistrial regarding testimony which allegedly referred to an offense unrelated to the one for which defendant was on trial.

At trial, Detective Michael Nichols testified that he interviewed Mr. and Mrs. James a few days after the incident. The following exchange then took place:

Q [Prosecutor] Now, after interviewing Mr. and Mrs. James, did you do anything else?

A [Defendant] Yes, sir, I did.

Q What was that?

A I separated Mr. James from Mrs. James, and I allowed them to view approximately thirty-six department photographs.

Q Now, when you say "separated," what do you mean?

A I had Mrs. James go to one side of the front room, and I had Mr. James come to the other side of the front room with me, and he had his back turned to his wife.

Q Did Mr. James indicate—either Mr. or Mrs. James indicate to you that they knew the person's name?

A No, sir, they did not.

Q Okay. And what is it that you did with Mr. James?

A I allowed him to view thirty-six department photographs.

Q Where did these photographs come from?

A They come from my robbery books and my crime books in the Ninth District.

Q I see.

MR. CAHILL [Defense Counsel]: Now, excuse me a moment.

May we approach the bench?

THE COURT: You may.

(Counsel approached the bench, and the following proceedings were had:)

MR. CAHILL: Your Honor, I'd like to object on the ground that the detective has in fact informed the jury that the defendant has prior records in light of the fact that he's shown him books from these robberies, shown him photos from a book of robberies.

For that reason I would ask that the Court instruct the jury to disregard those last statements, and I would also like the Court to consider a mistrial at that point.

THE COURT: The objection will be overruled. The mistrial will be denied.

■ Generally, evidence of other crimes is inadmissible to prove the crime charged absent certain recognized exceptions. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). None of those exceptions are present in this case. Obviously prior arrests and prior convictions are evidence of other crimes.

In this case the critical focus is not on the photographs themselves but rather on the testimony of the police officer which improperly described the source of the photographs. The *possible* taint began when the officer described the photographs as "department" photographs. Possibly to avoid highlighting the statement, defense counsel did not object. Department photographs, in theory, could have been obtained from sources unrelated to prior criminal activity by the defendant. At most a suspicion might be raised in the minds of the jurors.

■ Any doubts the jurors may have had were removed by the officer's next statement that the photographs came from "my robbery books and my crime books." At that point the State had established as a fact that the defendant had a prior criminal record. By overruling defense counsel's objection, the trial court gave its seal of approval to the consideration of that evidence by the jury. Further the defendant did not testify and subject himself to proper cross-examination on his prior convictions. *Compare State v. Brown*, 644 S.W.2d 386, 387 (Mo.App.1982). We there-fore find the trial court's ruling to be prejudicially erroneous.

■ Because we are remanding this case for a new trial, we will briefly discuss the propriety of the admission of the photographs themselves into evidence. One of the photographs of the defendant admitted over objection included printed information on it. Defendant's name and description were on the photograph, along with the heading "St. Louis Metro PD," a police department identification number, and the date 5–27–76. While our opinion reversing the judgment is based on the testimony of the police officer regarding the photographs, we note the rule that when a photograph includes printed information indicating prior criminal activity, the photograph is not properly admitted without the printed information first being masked. *State v. Young*, 661 S.W.2d 637, 638 (Mo.App. 1983); *State v. Shive*, 620 S.W.2d 412, 413 (Mo.App.1981).

The judgment of the trial court is reversed and the case is remanded for a new trial.

CRIST, J., concurs.

DOWD, P.J., dissents in separate opinion.

DOWD, Presiding Judge, dissenting.

I respectfully dissent. Defendant's sole point on appeal pertains to an impermissible prejudicial inference derived by the jury from their knowledge as to the source of the thirty-six photographs used by the police to aid the victim in identifying the defendant as the thief. The majority of this court holds that the trial court improperly authorized the jury to consider defendant's criminal record in determining defendant's cupability of his current criminal charge. Although the trial court overruled his objection and denied his motion for a mistrial, I see no "seal of approval" by the trial court.

First, I do not believe the point is preserved for appellate review. The police officer had already testified that the victim

had viewed thirty-six department photographs. Then the question was asked: "Where did these photographs come from?" There was no objection and the police officer answered: "They came from my robbery books and my crime books in the Ninth District." It was only then that an objection was made and a mistrial requested. An objection must be timely made in order to preserve error for appellate review and this usually necessitates making the objection at the earliest possible opportunity so that the trial judge may take corrective action. *State v. Helm,* 624 S.W.2d 513, 516 (Mo.App.1981).

By this dissent, I do not wish to imply that such testimony is permissible. However, within the context of the complete trial, I do not believe that a reversal of the defendant's conviction is warranted.

This crime did not occur within seconds but rather Mr. James, the crime victim, spent fifteen to twenty minutes with the thief before the theft occurred. During this period of time, Mr. James became sufficiently familiar with the thief's appearance to recognize him not only by his face and general appearance, but also by the thief's shoes. Familiarity with his face help Mr. James identify the defendant as the thief from thirty-six pictures shown to him by the police from their department photographs. This photographic identification occurred on the very day of the theft. Familiarity with the defendant's face, general appearance and shoes enabled Mr. James to identify the defendant as the thief from a police line-up two weeks after the incident. The state made clear this complete pre-trial positive identification process to the jury. Lastly, at trial Mr. James again positively identified the defendant as the thief before the jury. Such a strong, repeated positive identification by a person whose opportunity to become familiar with the defendant's appearance over a relatively long period of time renders the trial court's error harmless. Compare *United States v. Porter,* 544 F.2d 936, 939 (8th Cir.1976). Defendant has had a fair trial. I would affirm his conviction.