**STATE of Missouri, Respondent,**

v.

**Samuel HOWARD, Appellant.**

**No. 50760.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Office of the Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Samuel Howard, appeals from his convictions, after a jury trial of two counts of sale of heroin. He was sentenced to concurrent fifteen year terms of imprisonment. We affirm.

The evidence supports defendant's convictions. It established that defendant sold heroin to an undercover narcotics officer, Junius Ranciville on April 24, 1984 and April 30, 1984 at the corner of Spring and St. Louis in the City of St. Louis.

Defendant first contends that the trial court erred in overruling his objection to testimony concerning a photograph of defendant and identification of defendant on the grounds that it referred to his past criminal record. At trial, officer Junius Ranciville testified as to the identity of the defendant. The following exchange then took place:

[PROSECUTOR]: Did you, at some point, ascertain that the defendant's last name—I'm sorry; what Sam's last name was?

OFFICER RANCIVILLE: No, we had a street crew identify.

[PROSECUTOR]: What do you mean by having a street crew identify?

OFFICER RANCIVILLE: Usually what we do after a purchase, if we don't know who the guy is, we have a street crew go by, identify him, get his pedigree, date of birth, social security number and then we check to see if he has a previous record with our department.

[PROSECUTOR]: Did you have a street crew go by in this particular case?

OFFICER RANCIVILLE: Yes, in this case they didn't have to stop him. They already knew who he was.

[PROSECUTOR]: Did you finally get a last name for this Sam?

OFFICER RANCIVILLE: Yes.

[PROSECUTOR]: What was the last name you were given?

OFFICER RANCIVILLE: Howard.

[PROSECUTOR]: Did you, at some time, do something with that name then—Sam Howard?

OFFICER RANCIVILLE: Yes.

[PROSECUTOR]: Did you obtain a photograph?

OFFICER RANCIVILLE: Yes.

[PROSECUTOR]: And did you have an opportunity to view the photograph?

OFFICER RANCIVILLE: Yes.

[DEFENSE COUNSEL]: Objection.

Defendant's counsel objected on the grounds that the prosecutor was improperly introducing evidence of defendants prior criminal record. Defendant's counsel also requested a mistrial. The court overruled the objection and denied the motion for mistrial. Later, the following exchange took place without objection:

[PROSECUTOR]: Is this the same man depicted in the photograph you pulled.

OFFICER RANCIVILLE: Yes.

Generally, to preserve a claim of error the defendant must object at the earliest opportunity. *State v. Cannady,* 660 S.W.2d 33, 37 (Mo.App.1983). The testimony by Officer Ranciville that he "pulled" a photograph of the defendant and that the street crew already "knew" the defendant came in without objection. The defendant did not object until after all the alleged prejudicial questions had been asked and answered. Therefore, the claim of error was not preserved.

Even if defendant's first point had been preserved, there was not error. Generally, evidence of other crimes is inadmissible to prove the crime absent certain recognized exceptions. *State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). None of these exceptions are present in this case.

The question then is whether the officer's testimony indicated that defendant had a prior criminal record. *State v. Quinn,* 693 S.W.2d 198 (Mo.App.1985), cited by defendant, is inapposite. In *Quinn,* the officer testified that the photograph of the defendant came from "my robbery and crime books." *Id.* at 200. In that case there was a clear and unmistakable inference that the defendant had previously been arrested or convicted of a crime.

In this case there was no reference to any kind of prior criminal record of the defendant. There is nothing in the record to indicate that the prosecutor made reference to it in his closing argument. The photograph "in theory, could have been obtained from services unrelated to prior criminal activity by the defendant." *Id.* at 200. The fact that some police officers knew defendant does not necessarily indicate that he has a prior criminal record. Defendant's first point is denied.

Next, defendant contends that the trial court erred in failing to exclude the testimony of criminalist, Joseph Crow regarding a lab report because of an alleged violation of the discovery rules. We have carefully reviewed the record and have determined that a written opinion on this point would have no jurisprudential purpose. The point is therefore denied in accordance with Rule 30.25(b).

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.