STATE of Missouri, Respondent,

v.

Gloria Jean HARRIS, Appellant.

No. 52920.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 24, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions for stealing as a third offense, §§ 570.030 and 570.040, RSMo 1986, and assault in the third degree, § 565.070, RSMo 1986. Defendant was sentenced to three years in the Missouri Department of Corrections for stealing and fifteen days in the County Jail for assault, with the sentences to run concurrently. We affirm.

On April 25, 1986, at approximately 8:15 p.m., defendant and a second female entered Famous–Barr and proceeded to the dress department. The women were first observed by Pamela Sue Martin, an on-duty security officer for the store. Martin alerted Ramona R. Hardy, a second security officer, that some suspicious people had entered the store. Martin then followed the women and watched them take two dresses from the rack, roll them up and put them in their purses. Defendant took a pink dress, and her companion took a yellow one.

Martin then notified Hardy the women "had dresses." Defendant and her companion fled the store pursued by the two security officers. They ran through the store's parking lot, and Hardy caught up with defendant's companion. Martin eventually caught defendant, but defendant refused to return to the store and threatened Martin with a steak knife. Martin returned to the store without defendant, and defendant was later arrested.

Defendant does not contest the sufficiency of the evidence. She proposes the trial court erred in failing to declare a mistrial *sua sponte* because security guard Martin testified she knew defendant by name and had seen her in the store twenty times. Defendant contends this constituted evidence of prior unrelated crimes committed by defendant in the store. The State stipulated before trial no prior incidents of shoplifting would be mentioned at trial.

Defendant concedes in her brief this issue was not preserved for review. However, she asks us to review for plain error pursuant to Rule 30.20. In order to be entitled to review under the plain error standard, defendant must clearly show the error affected substantial trial rights and amounted to manifest injustice. *State v. Thomas*, 710 S.W.2d 937, 939–40[1] (Mo. App.1986). Defendant did not meet her burden under the facts of this case.

Even if defendant had preserved the issue for review, she would not prevail. The general rule is evidence of other crimes is inadmissible to prove the crime charged. *State v. Howard*, 714 S.W.2d 736, 738[4] (Mo.App.1986). We disagree with defendant, however, in her contention the State offered evidence of prior crimes.

The disputed testimony was by security guard Pamela Sue Martin and consisted of the following:

Q. [Prosecuting Attorney] Now, did you recognize either of these people?

A. [Martin] Just one.

Q. And which one did you recognize?

A. Gloria Harris.

Q. And how many times had you seen Gloria Harris in the past?

A. In the store?

Q. Yes, Ma'am.

A. Approximately twenty times.

Q. And did you know her by name?

A. Yes.

Q. Has she ever called you by name?

A. I don't remember offhand but I believe she knew my name, but I don't remember offhand if she ever called me by my name.

Defendant contends the primary reason for these questions was to create an inference for the jury that defendant had been involved in previous stealing episodes at Famous–Barr. We disagree. Martin testified her job consisted of a variety of duties aside from customer misconduct. She could have known defendant in connection with one of her other duties or on a personal basis. "It is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily convey the impression that he has a criminal record." *State v. Berry*, 679 S.W.2d 868, 873 (Mo.App.1984); *State v. Pitchford*, 324 S.W.2d 684, 688[4] (Mo. 1959).

Therefore, we find no manifest injustice resulted from the trial court's failing to declare a mistrial *sua sponte*.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.