Robert W. LOHMAN, Sr.,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15583.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Oct. 14, 1988.

Elizabeth Bock, Asst. Public Defender,
Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following trial by jury movant was convicted of second-degree murder and sentenced to life imprisonment. His conviction and sentence was affirmed on appeal. *State v. Lohman,* 707 S.W.2d 478 (Mo.App. 1986).

Thereafter, movant filed a motion under Rule 27.26, seeking to set aside the conviction and sentence. The trial court made findings of fact, conclusions of law, and entered judgment denying his motion without an evidentiary hearing. Movant appeals. This appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 29.15(m).

Movant contends here that the trial court erred in denying his motion without a hearing because it contained a sufficient factual basis to entitle him to an evidentiary hearing as to whether his conviction was obtained by perjured testimony which the state knew or had reason to know was false.

■ Our review of a decision on a Rule 27.26 motion is limited to whether the findings and conclusions of the trial court are clearly erroneous. *Bailey v. State,* 738 S.W.2d 577, 578 (Mo.App.1987); Rule 27.-26(j). An evidentiary hearing is not required on a Rule 27.26 motion unless the movant alleges facts, not conclusions warranting relief; those facts are not refuted by the record in the case; and prejudice to the defendant likely occurred as a result. *Boggs v. State,* 742 S.W.2d 591, 594 (Mo. App.1987).

■ A motion under 27.26 contending that there was the conscious use of perjured testimony by a prosecutor must plead a factual basis by which the charge can be proved, including the source and nature of the facts, rather than mere conclusions. *State v. Moore,* 435 S.W.2d 8, 16 (Mo. banc 1968). See also *Smith v. State,* 714 S.W.2d 778, 781 (Mo.App.1986) (to prevail on such

a claim movant must establish that the witness' testimony was false, the state used it knowing it was false, and as a result the conviction was obtained). As movant's motion does not allege facts showing the necessary elements for relief, the trial court correctly denied the motion without an evidentiary hearing.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.