**Lyndall Clarence SHIVE,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16016.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 22, 1990.

Motion for Rehearing or to Transfer
Denied Feb. 13, 1990.

James R. Schumacher, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Lyndall Shive appeals from an order of the trial court denying, without an evidentiary hearing, his Rule 29.15 [1] motion to set aside a judgment and sentence for stealing. The conviction, based on a jury verdict, was affirmed by this court, *State v. Shive*, 620 S.W.2d 412 (Mo.App.1981).

Movant asserts that the contents of his motion entitled him to an evidentiary hearing, and the trial court erred in ruling otherwise, because his motion "alleged suf-

---

**1.** All references to rules are to Missouri Rules of    Court, V.A.M.R.

ficient facts not refuted by the record entitling movant to relief in that [the motion] sufficiently alleged that [movant] received ineffective assistance of counsel prior to and at trial, that he received ineffective assistance of counsel on direct appeal, and that he was convicted through the use of perjured testimony by [the state]." Specifically, movant contends that his motion sufficiently alleged that his trial counsel at the jury trial was ineffective in the following respects: (1) "failing to object to the prejudicial testimony of state's witness Greene"; (2) failing "to sufficiently argue on appeal all eleven points of error that were properly preserved in movant's new trial motion." Movant also claims that his motion sufficiently alleged "that he was convicted at trial through the use of perjured testimony knowingly elicited by the state."

■ This court's review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *State v. Taylor*, 779 S.W.2d 636, 644 (Mo.App.1989); Rule 29.15(j). To entitle movant to an evidentiary hearing on the issue of ineffectiveness of counsel, the motion must plead facts, not conclusions, which if true would warrant relief, and the matters complained of must have resulted in prejudice to movant. *State v. Taylor*, supra, at 644.

The underlying criminal trial involved two automobiles which were stolen from Reliable Chevrolet in Springfield, "some time between closing Saturday and Monday morning." *State v. Shive*, supra, at 412. On Monday the two stolen vehicles, driven by accomplices, and a third vehicle driven by movant, arrived at a warehouse in Bates County. Sgt. Viessman and Trooper Hill of the Missouri State Highway Patrol had established an undercover "sting operation" at the warehouse, where they "bought" stolen merchandise. *Id.* At the warehouse movant participated in the "sale" of these stolen vehicles to the officers.

Movant's first point claims that his trial counsel at the jury trial was ineffective in failing to object to the testimony of state's witness Greene. The two stolen vehicles, one of which was a Thunderbird, arrived at the warehouse on March 26, 1979. At the jury trial Greene testified that "in early March 1979" he and his wife owned the Thunderbird and on March 3, 1979, they ordered a new car from Reliable Chevrolet. Greene delivered the Thunderbird to Reliable on March 3 and never saw it again. He identified Exhibit 3 as his order for the new car. He identified Exhibit 4 as a power of attorney executed by him and his wife on March 6, 1979 which "would allow Reliable to execute the title, whatever documentation needed to be executed on our behalf so we wouldn't have to go back and mess with it anymore." He identified Exhibit 5 as a Missouri title certificate showing him and his wife as owners of the Thunderbird. Greene testified that in March 1979 he did not know movant and did not give movant permission to remove the Thunderbird from Reliable's lot. Movant's trial counsel made no objection to Greene's testimony or to the introduction of the exhibits.

The statement of facts portion of movant's brief, contrary to the requirement of Rule 84.04(c), makes no mention of witness Greene or any of his testimony or of any portion of the motion mentioning same. Movant's first point has not been preserved. Rule 84.13(a). The argument portion of his brief states that the testimony of Greene "was irrelevant, prejudicial, and improperly admitted to bolster the state's case in chief against movant." The brief also states: "Witness Greene improperly testified without objection from movant's counsel that he did not give movant permission to drive the [Thunderbird] when in fact witness Greene did not own the automobile at the time it was allegedly stolen. The testimony of witness Greene severely prejudiced movant because the state could infer (sic) to the jury through his testimony that since witness Greene did not give permission to movant to take the motor vehicle that movant must have stolen the vehicle."

At the jury trial state's witness Joe Good, used car sales manager of Reliable Chevrolet, testified that on Saturday, March 24, 1979, at 6:00 p.m., the Thunder-

bird was on the Reliable used car lot. The vehicle was locked and the keys were "in the used car building." On the following Monday the Thunderbird and the other stolen vehicle were missing. He testified that the Thunderbird was "owned by Reliable Chevrolet." He also testified that he did not give movant or anyone else permission to remove the Thunderbird from Reliable's lot.

■ Also at the jury trial Jim Cassity, business manager of Reliable Chevrolet, referred to the various exhibits previously identified by witness Greene. He testified that, using the power of attorney, he signed Greene's name on the back of Exhibit 5.

Movant seems to be arguing that his trial counsel was ineffective in failing to object, on the ground that Greene did not own the Thunderbird, to Greene's testimony concerning lack of permission. Movant brands such testimony as "irrelevant." If it was irrelevant, it is difficult to see how its presence could have prejudiced movant.

In view of the fact that the title to the Thunderbird was in the process of being transferred from Greene to Reliable, or perhaps later to a customer of Reliable, it is by no means clear that a valid objection could have been made to Greene's testimony. Trial counsel cannot be faulted for failing to interpose an invalid objection.

Movant has failed to show, and has failed to point to any portion of his motion purporting to claim, that Greene's testimony was both objectionable and prejudicial. Movant's first point has not been preserved, and a gratuitous examination of it discloses no merit.

■ Movant's second point is that his trial counsel at the jury trial was ineffective in failing to "argue" [brief and argue?], on the direct appeal from the conviction, "all eleven points of error that were properly preserved in movant's new trial motion."

No portion of movant's brief sets forth any of the points which was allegedly not "argued." Since the brief does not inform this court what any point was, it also fails to inform this court whether any unargued point was meritorious and why it was meritorious. Movant's Rule 29.15 motion has the same deficiencies.

The predecessor of Rule 29.15 was Rule 27.26, which was repealed effective January 1, 1988, by order of the Supreme Court of Missouri. In *Mallett v. State*, 769 S.W.2d 77, 83, fn. 5 (Mo. banc 1989), the supreme court said:

"Generally claims of ineffective assistance of appellate counsel are not cognizable in 27.26 proceedings, but are more appropriately presented to the appellate court in the form of a motion to recall mandate. *Hemphill v. State*, 566 S.W.2d 200, 207–8 (Mo. banc 1978). However, 'where an appellate court retains no *unique knowledge* (emphasis in original) necessary to the disposition of a claim of ineffective assistance of appellate counsel or *where an evidentiary hearing may be deemed necessary to the disposition* (emphasis ours), a Rule 27.26 motion is the appropriate vehicle for seeking post-conviction relief.' *Morris v. State*, 603 S.W.2d 938, 941 (Mo. banc 1980). Because movant's claim involves failure to brief certain issues on appeal, it would appear at first glance to be analogous to *Hemphill*. In the interest of judicial economy, and in view of the beneficial evidence presented at the motion hearing, we nonetheless undertake to examine the claim as if properly raised in this proceeding." (Emphasis in original.)

In *Mallett*, at 83–84, the court also said:

"The standard for reviewing a claim of ineffective appellate counsel is essentially the same as that employed with trial counsel; movant is expected to show both a breach of duty and resulting prejudice.... There is 'no duty to raise every possible issue asserted in the motion for new trial on appeal[,]' ... and the motion court noted that appellate counsel has no duty to present non-frivolous issues where appellate counsel strategically decides to 'winnow out' arguments in favor of other arguments, citing *Jones v. Barnes*, 463 U.S. 745, 103

S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983)."

The failure of movant's brief to set forth any of the "unargued points," coupled with its failure to show why any such point was meritorious, violates Rule 84.04(c) which reads, in pertinent part: "The statement of facts [portion of the brief for appellant] shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Movant's second point, being "not properly briefed," has not been preserved. Rule 84.13(a). A gratuitous examination of his motion discloses that the point has no merit.

■ Movant's third point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, because his motion sufficiently alleged that he was convicted at trial through the use of perjured testimony knowingly elicited by the state.

"Unquestionably the conscious use of perjured testimony by a prosecutor is good cause for setting aside a judgment of conviction, but the motion to vacate must plead a factual basis by which the charge can be proved, including the source and nature of the facts rather than mere conclusions."

*State v. Moore*, 435 S.W.2d 8, 16[14, 15] (Mo. banc 1968). To similar effect see *State v. Taylor*, 779 S.W.2d 636, 644[10] (Mo.App.1989).

Movant's motion pleaded, in essence, the following: During the jury trial the prosecutor elicited from Sgt. Viessman and Trooper Hill testimony that movant confessed to stealing the two vehicles from Reliable Chevrolet; the prosecutor "had actual knowledge before trial that movant did not make a confession to the crime of stealing at the Pit Stop Tavern in Bates City, Missouri, on March 26, 1979, in the presence of Officers Viessman and Hill"; Officer Hill made a detailed police report which "did not include the details of a confession allegedly made by movant"; Officer Viessman examined Officer Hill's report and found no inaccuracies; the prosecutor elicited the testimony from the two officers

concerning the confession "knowing their testimony was false."

The mere fact, if it was a fact, that the report prepared by Officer Hill made no mention of the confession does not mean that no confession was made. Indeed, at the jury trial, movant's counsel made that argument and the jury rejected it. There was no allegation that either Sgt. Viessman or Trooper Hill made any statement at any time inconsistent with their trial testimony.

Although movant's motion alleges that the prosecutor had knowledge that the officers' testimony concerning the confession was false, no facts are stated to support proof of that conclusion.

Whether one knows a given fact "is often a secret to which he alone has the key." *Barrett v. Davis*, 104 Mo. 549, 16 S.W. 377, 380 (1891). "Knowledge, like intent, is a state of mind and may—and usually must—be proved by circumstantial evidence." *Fireman's Fund Insurance Co. v. Trippe*, 402 S.W.2d 577, 581[4] (Mo.App. 1966). See also *Herrman v. Daffin*, 302 S.W.2d 313, 316[5] (Mo.App.1957); 29 Am. Jur.2d Evidence, § 265. The motion did not set forth such circumstantial evidence.

There is no allegation that either officer at any time made any statement to the prosecutor inconsistent with their trial testimony. There is no allegation of any fact which, if proven, would show that the prosecutor at any time had knowledge of the falsity of their testimony. There is no allegation that the prosecutor was present when the confession was allegedly made or otherwise could have had knowledge of its making or content. There is no allegation that the prosecutor admitted that he had such knowledge.

The motion failed to allege facts, as distinguished from conclusions, showing that the testimony of the officers was false, that the state used the testimony knowing it was false, and that the conviction was obtained as a result of the perjured testimony. Those deficiencies justified the denial, without an evidentiary hearing, of movant's motion with respect to the ground advanced in movant's third point. See *Loh-*

*man v. State*, 759 S.W.2d 624 (Mo.App. 1988); *Voegtlin v. State*, 546 S.W.2d 40, 41 (Mo.App.1977). Movant's third point has no merit.

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.