**STATE of Missouri, Plaintiff/Respondent,**

v.

**Warren WYNN, Defendant/Appellant.**

No. 57383.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 14, 1990.

Raymond Legg, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant appeals his jury conviction of stealing third offense in violation of § 570.040 RSMo.1986, and his sentence of five years imprisonment. We affirm.

On December 23, 1987, at approximately 5:00 p.m., appellant entered a J.C. Penney's store in south St. Louis County. Harry Evans, a store security officer, was in an observation tower in the men's department. Mr. Evans noticed a very tall man [1] enter the store. The man, later identified as appellant, had nothing in his hands at that time. Mr. Evans then left the observation tower and followed appellant. He saw appellant reach behind a cashier's counter and take a pink plastic bag with the store's logo. Appellant then walked to the men's accessories department and picked up a set of coasters. He walked around a partition and stood in line at a cashier's counter.

Appellant requested a refund for the coasters. The cashier gave him a refund slip, and appellant filled out his name, address, and phone number. The cashier wrote appellant's drivers license number on the slip, and thereafter gave appellant fifteen dollars and seventy-six cents as a refund on the coasters. Mr. Evans then identified himself as a store security officer and asked appellant to accompany him to the office. Appellant complied, stating he was trying to get money for Christmas for his children.

Appellant first argues, in two points relied on, that the trial court erred in finding appellant to be a prior offender for two reasons: first, there was a fatal variance between the previous convictions charged in the information alleging appellant to be a prior offender and the conviction found by the trial court to support his status as a prior offender, second, the previous conviction used to support his prior offender status was one of the two convictions used to charge him with stealing third offense. He further argues because the same previous conviction was used to underlie both his prior offender status and his charge of stealing third offense, he was subjected to double enhancement of punishment. He alleges prejudice because the issue of punishment was removed from the jury in violation of § 557.036.2 RSMo.1986.

We initially note, and appellant concedes, that this claim was not preserved for appellate review because it was not raised in the motion for new trial or at trial. Rule 29.11;

---

1. Appellant is approximately six feet ten inches tall.

*See State v. Bailey*, 714 S.W.2d 590, 593 (Mo.App.1986). We are thus confined to plain error review, Rule 30.20, which requires manifest injustice before reversal is warranted. *State v. Harris*, 740 S.W.2d 348, 349 (Mo.App.1987).

In the amended information the State alleged the charged offense was appellant's third stealing offense by reason of stealing convictions on January 14, 1983, and on April 23, 1976. He was further alleged to be a persistent offender by reason of convictions of burglary and stealing on April 23, 1976 and burglary and stealing on January 2, 1982. At trial the State offered three exhibits, records of the St. Louis County Circuit Court, which the Court received in evidence without objection. Exhibit 1A was a record in Cause No. 063612 showing that on December 2, 1982 appellant was found guilty by a jury of burglary in the second degree and of stealing over $150 and was sentenced to terms of imprisonment on each of these convictions on January 14, 1983. Exhibit 1B was a record in Cause No. 355550 showing that on March 10, 1975 appellant entered a plea of guilty to a charge of stealing over $150, was placed on probation for two years and, after revocation of probation, was sentenced to a term of imprisonment on April 23, 1976. These two Exhibits were offered by the State in support of the allegation that the present offense was appellant's third offense of stealing. Rather than using either of these convictions as evidence in support of the allegation that appellant was a persistent offender, the State, with leave of court, amended the information to charge that appellant was a prior offender. In support of this allegation, the State introduced Exhibit 1C, a record in Cause No. 379203, showing that on April 2, 1976 appellant pled guilty to two felonies, burglary in the second degree and stealing, and was sentenced to a term of imprisonment on April 23, 1976.

Despite the potential for confusion because of the similarity of charges and dates of sentencing, it is apparent the trial court received evidence of five prior convictions: burglary and stealing in Cause No. 063612; stealing in Cause No. 355550; and burglary and stealing in Cause No. 379203. The convictions of stealing in the first two causes were used to fulfill the two prior stealing offenses required under § 570.040 RSMo.1986, Stealing, Third Offense. The convictions in the third cause were used to support the finding that appellant was a prior offender under § 558.016.2, RSMo. 1986. The record demonstrates that appellant's contentions of variance from the information and of the use of the same conviction as double-enhancement of punishment are without merit.

As required by § 558.021.1(3) RSMo.1986, the trial court entered a written finding "beyond a reasonable doubt" that appellant was a prior offender by reason of the burglary and stealing convictions of April 23, 1976. No similar order was entered nor was any express finding made by the trial court regarding the other two stealing convictions. Appellant argues that in the absence of an expressed finding beyond a reasonable doubt that he had previously been convicted two times of stealing, the trial court was without jurisdiction to sentence him to five years imprisonment when the evidence showed only misdemeanor stealing. We disagree.

Unlike the prior offender procedure established by § 558.021.1, the statute pertaining to stealing, third offense, § 570.040, contains no requirement for an expressed finding beyond a reasonable doubt. Rather, the statute provides "the court shall determine the existence of the prior convictions". The conclusion that the trial court made such a determination, albeit not expressed on the record, is inescapable. Having received in evidence without objection or dispute the records of appellant's two prior convictions of stealing as alleged in the amended information, the trial court announced at the outset of the sentencing procedure that appellant had been found guilty of "stealing, third offense." The court heard arguments on the motion for new trial, overruled the motion, granted appellant allocution and sentenced him as a Class C felon. At no time did appellant or his counsel assert any complaint about the court's failure to express a

finding of two prior stealing convictions. The court's action clearly demonstrates the determination of prior convictions required under the statute and the evidence introduced fully supports this action. Under the circumstances we will not convict the trial court of error in failing to supplant with words what he did in fact nor will we remand this case for the sole purpose of requiring the trial court to express on the record a finding unequivocally evidenced by his action.

Appellant's final point is contained in a *pro se* brief. He argues the trial court erred in "sustaining the jury's verdict." Appellant contends the evidence at trial showed an "agent" of J.C. Penney's was aware of his conduct, thus negating the trespass element of stealing.

Section 570.030 RSMo.1986, defines stealing:

1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, *either without his consent or by means of deceit* or coercion. (Emphasis added).

The verdict director in this case required the jury to find that appellant took property belonging to J.C. Penney without its consent. Appellant's argument appears to be that the evidence was insufficient to support the jury's finding that his actions were without J.C. Penney's consent. When reviewing for sufficiency of evidence, we consider the evidence in a light most favorable to the state, giving them the benefit of all reasonable inferences. *State v. Spiller*, 778 S.W.2d 825, 826 (Mo.App.1989).

The five Missouri cases appellant cites in support of his proposition are inapposite, as their analysis is based upon stealing by deceit. Section 570.030.1 allows the offense of stealing to be proven in one of two ways: by showing lack of consent *or* deceit or coercion.

The issue of lack of consent can be inferred from the store security officer's testimony that he observed appellant take the coasters, and obtain a refund without first paying for them. A reasonable inference would be that J.C. Penney did not and would not consent to providing a refund on an item appellant did not purchase and did not own. The security officer's observance did not rise to the level of consent. If we accept appellant's logic, retailers would be placed in the difficult position of only being able to prosecute thefts they did not observe.

We find no error, plain or otherwise. Point denied.

The judgment is affirmed.

JOSEPH J. SIMEONE, Senior Judge, and STEPHAN, J., concur.