**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jerry WASHINGTON, Defendant–Appellant.**

**No. 58206.**

Missouri Court of Appeals,
Eastern District,
Divison One.

June 28, 1991.

Daniel P. Reardon, Jr., Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Jerry Washington, was found guilty on February 2, 1990, after a trial by jury in the Circuit Court of the City of St. Louis of two counts of illegal possession of a schedule II controlled substance, one for phencyclidine and one for cocaine. Defendant was sentenced on March 19, 1990, to seven years imprisonment for the phencyclidine count and a concurrent seven years imprisonment for the cocaine count. This appeal follows.

Defendant's sole point on appeal alleges that the trial court erred in overruling defense counsel's motion for mistrial when a police officer testified on cross-examination that upon entering the residence where he was executing a search warrant, the officer recognized the defendant from an "L.B. photo." Defendant alleges that this statement had the effect of raising the inference in the minds of the jury that the defendant had a criminal record and the defendant was thereby prejudiced. We disagree.

In determining whether to grant such a drastic remedy as a mistrial, the trial court has broad discretion and will be reversed only for an abuse of that discretion. *State v. Goree*, 762 S.W.2d 20, 24–25 (Mo. banc 1988). "The reviewing court, in order to hold that a failure to grant mistrial was a reversible error, must conclude as a matter of law from the entire record, that the error was so prejudicial that its effect was not removed by the action of the trial court," quoting *State v. Rogers*, 585 S.W.2d 498, 502 (Mo.App.1979). *State v. Shelton*, 779 S.W.2d 614, 616 (Mo.App. 1989).

The exchange during trial that prompted the motion for a mistrial occurred when defendant's attorney was cross-examining Officer Terry Kaelin of the City of St. Louis Police Department who was involved along with other officers in executing a search warrant on March 16, 1989, at the house where the defendant resided. Defendant's attorney was asking the officer if he arrested the persons inside of the residence at the time he executed the warrant and also if the officer knew the defendant before he entered the home on that evening. The following colloquy between defense counsel and Officer Kaelin then took place:

A. Had I ever seen him [the defendant] before?

Q. I'm asking you whether you knew who he was.

A. Yes, I knew who he was.

Q. You said this is the man on your direct testimony that answered the description, correct?

A. Correct.

Q. And when you were out there in your so-called surveillance, you didn't see Jerry Washington, did you?

A. Never saw him in the surveillance, no sir.

Q. Pardon Me?

A. I never saw him in the surveillance.

Q. All right. And as a matter of fact, you had a description that you were alert to at the time you went in the apartment, right?

A. Plus prior to that I have seen his LB photo.

[Defendant's attorney]: Come on up now. That is stricken and I ask the jury be instructed to disregard that.

THE COURT: I'll sustain the objection. It will be stricken and the jury is instructed to disregard it.

(Counsel approached the bench and the following proceedings were had:)

[Defendant's attorney]: That's voluntary, an LB photo, that they checked out. It is not responsive and I ask a mistrial be declared.

[Prosecutor]: Your Honor, I oppose the request for mistrial in this case because of the—the answer that was provided by the witness in this particular case is how do you know this guy, have you seen him before and that's it.

THE COURT: All right. It seems to me—first of all, I'm not sure that the jury would attach any significance to an LB photo. In addition to that, the granting of a mistrial is a very drastic remedy in my judgment. The fact that the officer said he had recognized the defendant from an LB photo would not justify the granting of mistrial. I don't think that such grievous harm was done, if any, that it would justify a mistrial in this case. I'm going to deny the motion for a mistrial.

█ The defendant's allegation that the officer's reference to "I have seen his LB photo," would necessarily raise a prejudicial inference in the minds of the jury that the defendant had a prior criminal record is refuted when the context in which the statement was made is analyzed. The use of the words "LB photo" is at most an indefinite and vague reference to prior criminal activity. The record does not clarify what an "LB photo" is and it would be speculative to conclude what a juror may have believed. Defendant's attorney quickly objected to this statement and the court ordered the statement stricken and further, issued a limiting instruction to the jury.

Defendant has cited this court to *State v. Quinn*, 693 S.W.2d 198 (Mo.App.1985), for the proposition that when an officer refers to the source of some photos of a defendant as being in "my robbery books and my crime books," the state has impermissibly proven that a defendant has a prior criminal record. *Id.* at 200. We find this case easily distinguishable. In *Quinn*, the officer used unambiguous and direct adjectives to describe the source of the photos of the defendant making it easy for the jury to infer that the defendant had been engaged in prior criminal activity. *Quinn* is further distinguishable because the trial court in *Quinn* overruled the objection by the defendant to the officer's statement, giving "its seal of approval to the consideration of that evidence by the jury." *Quinn*, 693 S.W.2d at 200.

In the case at bar, the officer referred to the term "LB photo" to describe one of the sources of his knowledge of the description of the defendant. Although this reference might have raised a suspicion in the minds of the jurors as to its meaning, the possible taint associated with this veiled reference does not rise to the level warranting the granting of a mistrial for a number of reasons: (1) the reference is vague and uncertain; (2) the defendant's attorney objected in a timely manner to this reference; (3) the trial court quickly sustained the objection, struck the statement and issued a limiting instruction to the jury; and (4) the defendant testified later at trial and thereby subjected himself to any cross-examination about any prior convictions. On these factors, we do not find that the defendant was prejudiced by the officer referring to an "LB photo."

The judgment of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.