STATE of Missouri, Respondent,

v.

Marlon SIMMONS, Appellant.

Nos. WD 51418, WD 52630.

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

Rosemary Percival, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and LAURA DENVIR SMITH, JJ.

BERREY, Judge.

Marlon Simmons appeals from his convictions following a jury trial on three counts of selling a controlled substance in violation of § 195.211, RSMo Cum.Supp.1993 and from the denial of his Rule 29.15 motion without an evidentiary hearing. Appellant first alleges the trial court plainly erred in failing to declare a mistrial *sua sponte* after it was stated at trial that a photograph of appellant used in a photo lineup was obtained from the police records unit. Appellant argues that this testimony, together with other police testimony and argument, constituted prejudicial evidence of other crimes. Appellant next argues the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing in that counsel failed to object to testimony relating to the photograph and to appellant's being tried in jailhouse clothing. Affirmed.

The factual and procedural background is as follows. On three separate occasions in February, 1994, Detective Richards, an undercover officer with the Kansas City Police Department, met with appellant in a parking lot at 1028 Paseo and purchased cocaine from appellant during each encounter. Each time the detective and appellant completed a transaction, appellant was seated in the detective's car, giving him an unobstructed view of appellant's face. The three sales took place on clear afternoons with good visibility. In addition to Detective Richards, a police surveillance team was in a position to observe the transactions. Following each of the transactions, the substance purchased by the detective tested positive for cocaine base.

On February 21, 1994, shortly after the final sale, Detective Locke obtained a photograph of appellant from the police records unit and placed it in a photo lineup with five other men with similar characteristics. After viewing the photo lineup, Detective Richards immediately and positively identified appellant. Appellant was later arrested and charged, as a prior and persistent offender, with three counts of sale of a controlled substance. Trial commenced in April, 1995 before a jury. Appellant elected not to testify and called no witnesses. The jury convicted appellant on all three counts and he was later sentenced to five year terms on each count, with the terms on Counts I and II running concurrently and Count III running consecutively, for a total of ten years imprisonment. Appellant filed an appeal and a motion for post-conviction relief under Rule

29.15. The motion was denied without an evidentiary hearing. We now take up appellant's direct appeal and his Rule 29.15 appeal.

Appellant alleges the trial court plainly erred by not declaring a mistrial *sua sponte* after a detective testified that she obtained appellant's photograph from the police records unit in that the testimony constituted inadmissible evidence of prior criminal activity.[1] According to appellant, this testimony, together with additional testimony from other officers that they had had numerous contacts with appellant over the last twenty years and related statements made during the State's closing argument, prejudiced appellant.

██ This Point was not preserved for appellate review. We will grant relief under plain error review only when the error so substantially affects a defendant's rights that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Hunn,* 821 S.W.2d 866, 869–70 (Mo.App. 1991); Rule 30.20.

Evidence of prior uncharged crimes is generally inadmissible to show that a defendant has the propensity to commit such crimes. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). None of the well-recognized exceptions are applicable in this case. Appellant relies on *State v. Quinn,* 693 S.W.2d 198 (Mo.App.1985), wherein the defendant's conviction was reversed after a detective testified that he showed "approximately thirty-six department photographs" to a stealing victim for identification purposes. When asked where he obtained these photographs, the detective replied, "They come from my robbery books and my crime books...." *Id.* at 199. Defense counsel objected and request-

ed a mistrial. His requests were denied. On appeal, the court found that the description of the photographs as "department" photographs could possibly have tainted the evidence, but, because the photographs could have been unrelated to any prior criminal activity by the defendant, this specific testimony was not dispositive. *Id.* at 200. Instead, the court concluded that the latter testimony established that he in fact had a criminal record. *Id.*

██ Here, as in *Quinn,* the photograph came from within the police department. The description of the source of the photograph in this case ("records unit") is analogous to the description used in *Quinn* ("department"). Although "records unit" is arguably more specific than "department" because it identifies a particular unit within the police department, we find that it is still sufficiently vague since the record is devoid of any evidence indicating that all photographs in the records unit are of persons with criminal histories. *See State v. Harris,* 534 S.W.2d 516, 519 (Mo.App.1976). Thus, unlike in *Quinn,* it was never established before the jury that appellant had a prior criminal record.

The facts here more closely resemble those in *State v. Howard,* 714 S.W.2d 736 (Mo.App. 1986). An officer testified that he had "pulled" a photograph of the defendant and that a street crew "knew" the defendant. *Id.* at 738. Although the defendant failed to preserve his claim of error for appellate review, he argued on appeal that the officer's testimony was inadmissible evidence of other crimes. The court concluded that, even if the claim had been preserved, no error occurred because the facts were distinguishable

---

1. The challenged testimony went as follows:

> [PROSECUTOR]: Who was the pedestrian check done on?
> [DETECTIVE LOCKE]: Marlon Simmons.
> [Q]: And what did you do with this information?
> [A]: I contacted our records unit and got a photograph of Mr. Simmons.
> [Q]: And what did you do when you got that photograph?

> [A]: I placed his photograph in a photo lineup with five other males and I showed that lineup to Detective Richards.
> [Q]: And what did those five other males look like in relationship to the picture that you got of Marlon Simmons?
> [A]: They all had similar characteristics.
> [Q]: And why do you put together photospreads?
> [A]: In order for the detective to identify their subject that they purchased narcotics from.

from *Quinn* where there was "a clear and unmistakable inference that the defendant had previously been arrested or convicted of a crime." *Id.* Appellant's attempt to distinguish *Howard* is unpersuasive.

■ The court in *Howard* also concluded that the fact that some police officers knew the defendant did not necessarily show that he had a criminal record. *Id.* We agree. Thus, in the instant case, the officers' testimony that they were familiar with appellant and the State's multiple reminders regarding the officers' familiarity during closing argument were not improper, especially since the officers' recognition and identification of appellant was a critical issue.

■ A mistrial is a drastic remedy and trial courts have broad discretion in determining whether to declare a mistrial. *State v. Washington*, 811 S.W.2d 489, 490 (Mo.App. 1991). Under the circumstances of this case, we find no abuse of discretion in the trial court's decision to not declare a mistrial *sua sponte*. Although we caution against testimony similar to that challenged here, Detective Locke's statement, in the context of the entire record, is not worthy of plain error relief. *See State v. Motley*, 740 S.W.2d 313, 316 (Mo.App.1987). Point I is denied.

Appellant next contests the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing and claims he was denied effective assistance of counsel. Appellant alleges that counsel did not act as a reasonably competent attorney in failing to object to testimony and argument related to the photograph and in failing to object to appellant being tried in jail clothing.

To prove a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when there is a rea-

sonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. 466 U.S. at 694, 104 S.Ct. at 2068.

Our review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion are clearly erroneous. Rule 29.15(j); *Sidebottom v. State*, 781 S.W.2d 791, 794–95 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). The judgment below is clearly erroneous only if a full review of the record leaves us with the definite and firm impression that a mistake has been made. *Id.*

Appellant first alleges that counsel was ineffective for failing to object to testimony and argument relating to the photograph obtained from the police records unit. As we found in Point I above, the motion court ruled that Detective Locke's testimony was more innocuous than the statement made by the detective in *Quinn* that he obtained the photographs from "my robbery books and my crime books."

Based on our disposition of appellant's Point I, an objection to the challenged testimony and argument would have been without merit. It is not ineffective assistance of counsel for counsel to fail to make meritless objections. *State v. Six*, 805 S.W.2d 159, 171 (Mo. banc), *cert. denied*, 502 U.S. 871, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991). However, even if counsel should have made an objection, appellant has not proven that he was thereby prejudiced.

■ Appellant finally argues that counsel was ineffective for failing to object to appellant being tried while wearing jail clothing. The only positive evidence in the record indicating that appellant was wearing jail clothing occurred when a police officer made an in-court identification of appellant by saying, "He's seated here in the dark green uniform."

The motion court noted that "a prisoner cannot be compelled to appear in court in

identifiable prison clothing." *State v. Green*, 674 S.W.2d 615, 622 (Mo.App.1984). Appearing under compulsion in such attire "disparages the presumption of innocence and impairs a fair trial." *Id.* It has also been noted that the clothing worn by a defendant at trial is just one of the "vast array of trial decisions, strategic and tactical, which must be made before and during trial" by the accused and his attorney. *State v. Crump*, 589 S.W.2d 328, 329 (Mo.App.1979)(quoting *Estelle v. Williams*, 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976)).

There is no evidence in the record that appellant was compelled to appear in jail clothing. In fact, the following excerpt from the record reveals that the trial court gave appellant every opportunity to obtain other clothes prior to voir dire.

THE COURT: Mr. Simmons, yesterday afternoon when we left, I told [defense counsel] to call your friends and relatives so they could deliver clothes for you and [defense counsel] tells me that you said you would call them.

. . . .

DEFENDANT SIMMONS: I did call them last night. I don't know what happened. They ain't even here yet and I called them. Said they'd bring them down.

THE COURT: Go up to the Public Defenders Office and see if

they've got any clothes we can borrow. He can change in

here. I'll tell the panel we're going to be a little delayed. Let me know right away....

[DEFENSE COUNSEL]: All right.

THE COURT: All right. Take him out in the hallway until they get his clothes down here.

We do not know precisely why appellant appeared in jail clothing, but it is evident that he had other clothes available to him. Appellant has failed to show ineffective assis-

tance of counsel on this issue. Point II is denied.

Affirmed.

All concur.